PAULINE MARIE SELINGER, complainant-respondent,

*v.*

SAMUEL SELINGER, defendant-appellant.

[Submitted October term, 1934. Decided January 10th, 1935.]

*Mr. John N. Platoff,* for the complainant-respondent.

*Mr. Maximilian T. Rosenberg,* for the defendant-appellant.

The opinion of the court was delivered by

CASE, J.

The bill sought to have certain real estate located in the township of North Bergen, county of Hudson, now of record in defendant, declared to be held in trust for the complainant, to have the title conveyed to her outright and to have an accounting of rents. The court of chancery granted the full relief sought. Defendant appeals.

On March 31st, 1921, Sophie M. Apel and August C. Apel, her husband, mother and father respectively of complainant, conveyed the litigated property to the defendant by deed absolute. On February 17th, 1922, complainant received a copy of the final decree divorcing her from her then husband and on the same day married the defendant, Dr. Selinger. The parties defendant and complainant lived together thence forward as husband and wife until on or about June 30th, 1933, when a separation was effected and a maintenance agreement executed.

The factual finding upon which the learned vice-chancellor based his recommendation for the decree was that the grantors intended their daughter, the complainant, to have the use and benefit of the property and that the legal title, at the urge and insistence of the defendant, was put in the latters name, charged, however, with that use. Our view is that the proofs do not carry so far; and that if they did, there would still be an unbridged gap between the proofs and the decree putting complete legal title in the complainant.

Mr. and Mrs. Apfel testified, but their testimony does not, we think, support the decree. Mrs. Apel, in whom the title was vested until conveyed to the defendant, testified that it was her intention to give the property to both her daughter and Dr. Selinger, and that she gave appropriate instructions to that end to the scrivener who drew the deed. Mr. Apel, in his broken fashion, did give testimony that indicated an intent to convey to the defendant in trust for the complainant, but he also testified in language that clearly embraced the defendant as a beneficiary. Even the complainant testified: "When the house was put in his [viz., the defendant's] name it was to be put in my name, too." The proofs, in our opinion, sustain no factual finding more favorable to the complainant than that the Apels intended the conveyance to be for the benefit of her and defendant.

We note, without comment, that the relief seems to have been grounded in the theory of mistake, but that the grantors are not parties to the proceeding and that neither rescission nor reformation was ordered.

The decree below will be reversed and the case remitted to chancery for further proceedings not inconsistent with our views.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.