This matter is before the court upon the return of an order to show cause why the defendant should not be enjoined, pendentelite, from prosecuting an action at law in the Essex county circuit court against the complainant Walter C. Hemingway. On the return of the order to show cause, the defendant moved to strike the bill on the ground, among others, that the alleged contract set forth in the bill of complaint, and upon which complainants' right of action rests, is void both at law and in equity and contrary to public policy.
The facts appearing from the bill of complaint, and which for the purpose of the motion to strike are to be taken as true, are as follows: The complainant Ruth H. Hemingway was formerly the wife of the defendant, was divorced from him in Nevada on April 28th, 1933, and married her present husband May 5th, 1933. Prior to the institution of the divorce proceedings in Nevada and while the parties were living in Connecticut, Ruth H. Hemingway and Eric T. Ball entered into the agreement in question. This agreement, which is annexed to and made a part of the bill of complaint, is in the form of a letter written by Eric T. Ball to his then wife. It recites her determination to obtain a divorce, provides for the custody of the children in the event of Mrs. Ball's divorce and remarriage and concludes with this paragraph:
"In making this agreement I renounce any claim that I may now have upon you or your future husband. And in accepting this agreement you in turn have renounced any and all claims upon me and my property now or in the future. In the event of your divorce you will not ask for alimony."
On October 10th, 1934, the defendant instituted an action against Walter C. Hemingway in the Essex county circuit court for damages for the willful and malicious enticement *Page 380 
by Hemingway of the complainant Ruth H. Hemingway from the defendant.
Complainants allege that the institution of the action at law is a breach of the agreement above mentioned. The prayer for equitable relief is based upon an alleged inadequacy of any relief at law by reason of the fact that the agreement between Mrs. Hemingway and the defendant is invalid at law, the parties to the agreement being married at the time the agreement was executed, and can be no basis for any legal right in the complainant Walter C. Hemingway. The bill also alleges that the defendant consented to and acquiesced in the alleged course of conduct which the complaint at law alleged creates the cause of action and is therefore estopped by his conduct from complaining thereof.
It is the settled law of this state, and in this the parties are in substantial agreement, that contracts for the purpose of facilitating divorce are contrary to public policy and void.Sheehan v. Sheehan, 77 N.J. Eq. 411; Dennison v. Dennison,98 N.J. Eq. 230; affirmed, 99 N.J. Eq. 883. The law is the same in Connecticut in which state the parties were domiciled and the agreement made. Maisch v. Maisch, 87 Conn. 377;87 Atl. Rep. 729. Complainants attempt to justify their bill upon the ground that the agreement in question was not one to facilitate the procuring of a divorce but was an agreement respecting support and maintenance. Non-collusive agreements respecting alimony settlements or respecting support and maintenance of the wife made either prior to or during the pendency of divorce proceedings are not necessarily void per se. Dennison v.Dennison, supra. As was said in Stokes v. Anderson,118 Ind. 533, "it may be that if an action for divorce is pending or if in anticipation of such an action, the parties meet and agree upon the amount of alimony to be allowed to the wife in case a divorce is granted, and the arrangement is just and equitableand confined strictly to the matter of alimony it will be sustained." (Italics mine.)
Examining this agreement in the light of the allegations of the bill of complaint, the inevitable conclusion is that it was *Page 381 
entered into with the idea of facilitating the procuring of a divorce and was conditioned upon divorce. The agreement renounces any claim the defendant has against his then wife or her future husband. This presupposes, and in fact the bill alleges, that at that time the defendant knew his wife was proposing to marry Walter C. Hemingway as soon as she could obtain a divorce. By agreeing to waive any claim which he might have against Hemingway, the defendant certainly made it appear to his wife that he would raise no obstacle to her proposed plan to secure a divorce. This is emphasized in the allegation of paragraph 6 of the bill of complaint, that the alleged cause of action in the suit at law against Hemingway was in existence at the time of the making of the agreement.
The agreement in question is of the kind the law abhors and merits the condemnation visited by Chief-Justice Beasley upon the agreement which was involved in Noice v. Brown,38 N.J. Law 228.
Complainants expend considerable effort in making a point of the (alleged) fact that on the date of the agreement in question Mr. and Mrs. Ball were not living together. This lends no strength to their argument, for while the marriage exists, the marital duties and all legal sanctions pertaining thereto continue in existence. Whether or not the husband and wife are living together has no effect upon the legality or illegality of a contract entered into during the existence of the marital state. Noice v. Brown, supra.
A contract is void if when made it is contrary to morality or public policy. When the illegality of a contract is made to appear, the law will not extend its aid to either of the parties. The maxim that equity follows the law applies in proceedings involving questions of public policy, and where the parties arein pari delicto, equity will leave them in the position in which they have placed themselves. Ellicott v. Chamberlin
(Court of Errors and Appeals), 38 N.J. Eq. 604; Selinger v.Selinger, 115 N.J. Eq. 261; reversed, 117 N.J. Eq. 427, but solely on the facts.)
It also may be noted that the bill alleges that the defendant, *Page 382 
the plaintiff in the law action, consented to and acquiesced in the conduct complained of. Assuming, as we must, that that allegation is true, no ground for equitable jurisdiction is stated because in an action by the husband for the alienation of his wife's affections, his consent to the acts contributes to the injury, is a bar to recovery and is a defense which may be pleaded at law. Milewski v. Kurtz, 77 N.J. Law 132.
I shall advise a decree discharging the order to show cause and dismissing the bill.