PEARL A. LONG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75899. Promulgated February 12, 1937.

*Chandler P. Ward, Esq.,* for the petitioner.
*Frank M. Thompson, Esq.,* for the respondent.

480

OPINION.

ARUNDELL: This proceeding raises the issue of petitioner's right to deduct as a worthless debt the $112,450 agreed by her former husband to be paid in settlement of her marital claims, which remained unpaid at the time of his death, insolvent, in 1931. The Commissioner disallowed the claim for the deduction.

We think the Commissioner was right. In a long line of cases we have held that a taxpayer on a cash basis may not take a deduction for income items, such as interest, rent, and attorney fees, which have never been included in income. *Charles A. Collin*, 1 B. T. A. 305; *Howard J. Simons*, 1 B. T. A. 351; *J. Noble Hayes*, 7 B. T. A. 936; *Henry V. Poor*, 11 B. T. A. 781; *John H. Wourms*, 25 B. T. A. 671; *Oscar T. Crosby*, 27 B. T. A. 1234. The petitioner argues that the rule of the above cases does not apply here for the reason that items of the kind here involved are not included in income when received. "Neither alimony nor an allowance based on a separation agreement is taxable income." Art. 83, Regulations 74; *Gould* v. *Gould*, 245 U. S. 151; *Mary R. Spencer*, 20 B. T. A. 58. This is an ingenious argument made in an effort to stretch the rule of those cases on a fine spun technicality. Its weakness is that it is founded on a reading into the cases of something that is not there. Those cases simply say that where there is an income item that has not been reported as income no bad debt deduction may be taken when it proves uncollectible. The cases do not say that a nonincome item is subject to a different rule. Support is sought for the premise of petitioner's argument in *W. Van E. Thompson*, 10 B. T. A. 1125. In that case it was directly stated that the notes for which a deduction was claimed and allowed "did not constitute income." The notes did, however, represent capital of the taxpayer. The taxing statute, as has often been said, is concerned with realized gains and losses. This, it seems to us, is the proper test to be applied in these cases. The taxpayer was not out of pocket anything as the result of the promisor's failure to comply with his agreement. There was no realization either as a gain or loss at any time. There was no outlay of cash or property by the petitioner in the taxable year, or any other year, by which to measure a loss. She merely failed to receive something promised, which is vastly different from the loss of something once reduced to possession.

Reviewed by the Board.

*Decision will be entered for the respondent.*

MURDOCK and LEECH concur only in the result.

STERNHAGEN, MELLOTT, TYSON, and DISNEY dissent.