ESTATE OF EBEN B. PHILLIPS, ROLLIN B. FISHER AND HAROLD B. DRIVER, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81802. Promulgated October 27, 1937.

*W. A. Barrows, Esq.*, for the petitioners.
*John F. Greaney, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: This proceeding involves a deficiency in estate taxes of $2,646.52. The issue is whether decedent's gross estate should be reduced by (1) a claim against the estate for support of decedent's divorced wife under a certain agreement, and (2) a claim against the estate for support of a minor under a certain agreement and court decree construing said agreement. The aforesaid agreements and court order are hereinafter more fully related.

The proceeding was submitted upon stipulated facts, with attached exhibits, and briefs. For the purpose of this report we shall set forth only such portions thereof as are necessary to determine the issues.

The decedent died testate February 28, 1933, leaving his divorced wife, aged 45, who is still living, and one minor child, who became of age May 9, 1937. The petitioners were named executors and trustees in his will, which was duly probated, and the petitioners duly appointed and qualified.

The disputed claims grew out of the following circumstances:

On or about January 25, 1926, the decedent, who had been living apart from his wife, and who was desirous of obtaining an uncontested divorce and remarrying, entered into a written agreement, as of that date, with his wife and with her attorney as trustee for the purpose of enforcing the agreement.

The agreement recited that the husband intended to apply for a divorce from his wife, "who does not desire to contest the said proceedings"; that the husband "for several reasons is willing to agree, in case a divorce is granted," to make his wife an allowance of $5,000 per year, payable quarterly during her life or until she remarried; that custody of their two minor children should be given the wife and suitable provision made for their care, maintenance, support, and education by decedent; that decedent is a beneficiary of and has a vested interest in a trust created by the will of Maria L. Phillips under which he receives, annually, a sum in excess of $5,000; that decedent is willing to transfer and assign by a valid and sufficient instrument in writing a portion of the income from the Phillips trust so that his wife will receive $5,000

annually, "beginning with the date when a divorce is granted", and continuing for life or until she remarries; that in case the Phillips trust terminated decedent would create a $100,000 trust out of his distributive share thereof to pay his wife the allowances agreed upon. The remaining provisions consist of decedent's covenant with Michael L. Sullivan, as trustee, that he, his heirs, administrators, and executors will pay the $5,000 annually; an assignment of a portion of his income from the Phillips trust to Michael L. Sullivan, as trustee, to enable the latter to pay said allowance; an assignment to the Old Colony Trust Co. of $100,000 out of decedent's distributive share of the Phillips trust to become effective if the latter trust terminated prior to the wife's death or remarriage; the acceptance by the wife of the $5,000 annual allowance as being "in full satisfaction for all and every claim that she now or may hereafter have for or on account of having been the wife of" the decedent, except that decedent shall perform the agreements hereinafter set forth regarding the children; that the wife accepts said allowance as "in full satisfaction of all liability * * * for her fair and reasonable and adequate support and maintenance * * *"; a covenant that decedent, "his heirs, administrators and executors shall pay" the annual allowance beginning "on the date of the decree in the divorce proceedings or as soon thereafter as reasonable"; that the wife may appoint a new trustee or any successor with the same powers and duties.

Provision for decedent's children was made in a supplemental agreement between the same three parties under date of January 25, 1926. In addition to other covenants therein decedent agreed to pay his wife $1,000 annually, for each child, for clothing and furnishings; he agreed to pay $15 per week for each minor, while living at home, and the entire expense of each minor while away from home for the purpose of attending school or college; that he would pay their entire expense while away from home for any other purpose under stated circumstances; and that he would, in case of illness or other extraordinary or unforseen circumstances, furnish additional funds to pay the expenses thereof.

Thereafter, and on April 2, 1926, decedent obtained an uncontested divorce as contemplated and desired. He married again on April 18, 1926.

By an indenture dated April 18, 1929, the decedent established a $100,000 trust for the benefit of his divorced wife pursuant to the agreement of January 25, 1926, but not upon the exact terms specified in that agreement. This indenture, known as the "Gertrude M. Phillips Settlement", recited the payment of $100,000 "concurrently herewith" to Old Colony Trust Co., as trustee, and granted the trus-

tee the necessary powers for handling the fund and paying the income to decedent's divorced wife during her lifetime or until she remarried. The settlement states further "The execution of this indenture and the payment by the Settlor [decedent] of the said $100,000 hereunder shall constitute full performance by the Settlor of all his obligations under an agreement dated 25th of January, 1926 between him and the said Gertrude M. Phillips relating to alimony."

As of the same date a written agreement was made by decedent with his divorced wife wherein he agreed that in case the income of the $100,000 trust was insufficient to pay Gertrude M. Phillips $5,000 per annum, he would make up the deficit. If the income from the $100,000 trust was in excess of $5,000, the excess was to be credited against any years in which the net income was less than $5,000.

At the time of the decedent's death the principal of the $100,000 trust had shrunk to $54,099.23 and the income amounted to $3,468 a year. On the estate tax return the petitioners deducted $21,230.12, as a claim against the estate "on account of their liability under the agreement of April 18, 1932 [sic 1929], as the annuity value of the indicated income deficit of $1,532."

The executors and trustees, being uncertain as to their liabilities under the additional stipulations of January 25, 1926, because of doubt whether the decedent's promises therein contained terminated with his death, filed a bill for instructions in the Superior Court of Sullivan County, New Hampshire, naming the divorced wife, the two children, and the trustee under the agreement as respondents. In this proceeding after hearing and argument a decree was entered on August 2, 1933, holding that the executors were bound by the additional stipulations of January 25, 1926, to the same extent that the decedent was bound while living, and that such agreement "like any other debt contracted or obligation incurred in the lifetime of the testator will have precedence over any distribution made by will", and that the executors should set aside sufficient funds to meet such obligations and if the estate is not large enough to make certain that such obligations can be discharged in full they should keep the estate open during the minority of the child. This decree is still in force. Accordingly, the petitioners in the estate tax return deducted as a claim against the estate $12,556.20 (erroneously stated as $5,330.66 in the respondent's notice of deficiency) on account of these liabilities, as the amount of payments made and to be made under the additional stipulations of January 25, 1926, and the court decree for the support of the minor child until she comes of age.

The respondent made no objection to the computation of the amount of the claims mentioned in the two preceding paragraphs,

but disallowed both the said claims on the ground that "the relinquishment of dower is not a consideration in money or money's worth" and that "the same is also true as to support after decedent's death as his obligation to support his dependent ends at that time." Such disallowance of these two deductions claimed by the petitioners resulted in the deficiency assessment of $2,646.52 which is at issue in this case.

The deductions claimed by petitioners arise out of contracts entered into by decedent prior to his death. It is asserted that the amounts claimed, $21,230.12 and $12,556.20, are properly deductible under section 303, Revenue Act of 1926, as amended by section 805, Revenue Act of 1932.[1] This assertion rests upon the contentions that consideration for the agreements as to decedent's divorced wife "was primarily the uncontested divorce", and that the consideration for the agreement regarding decedent's minor child "was the uncontested divorce and the limitation of the decedent's liability for support."

Respondent denies that the agreements are supported by adequate consideration in money or money's worth, particularly in view of section 804 of the Revenue Act of 1932,[2] and contends that the alleged consideration is invalid because against public policy under the rule announced in *Schley* v. *Andrews*, 225 N. Y. 110; 121 N. E. 812; *Hemingway* v. *Ball*, 119 N. J. Eq. 471; 183 Atl. 172, affirming 179 Atl. 374; and *Sayles* v. *Sayles*, 21 N. H. 312.

---

[1] SEC. 805. DEDUCTIONS.

Section 303 (a) (1) of the Revenue Act of 1926, as amended, is amended to read as follows:

"(1) Such amounts—

"(A) for funeral expenses,

"(B) for administration expenses,

"(C) for claims against the estate,

"(D) for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate, and

"(E) reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent,

as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes. The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth. There shall also be deducted losses incurred during the settlement of estates arising from fires, storms, shipwrecks, or other casualties, or from theft, when such losses are not compensated for by insurance or otherwise, and if at the time of the filing of the return such losses have not been claimed as a deduction for income tax purposes in an income tax return."

[2] SEC. 804. RELINQUISHMENT OF DOWER, ETC., AS CONSIDERATION.

Section 303 (d) of the Revenue Act of 1926 is amended by adding at the end thereof a new sentence to read as follows:

"For the purposes of this title, a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in decedent's property or estate, shall not be considered to any extent a consideration 'in money or money's worth'."

The claims herein, being "founded upon a promise or agreement", shall be limited, under the statute, "to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth." As to the first claim we have, in addition to the above, the limitation in section 804, that "a relinquishment * * * of dower, * * * or other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration 'in money or money's worth'."

The agreements in evidence fully establish that Gertrude Phillips relinquished not only dower but all her other marital rights in decedent's property in consideration for the payments which decedent bound himself to make. If this relinquishment shall not be considered to any extent as consideration, there can be no justification for the claim of $21,230.12, since petitioners concede and urge that the consideration was primarily the uncontested divorce. It appears that the statute by its own terms expressly precludes claims having their foundation in agreements relinquishing dower or other marital rights. In this view it is immaterial whether the consideration is valid or invalid in New Hampshire. If invalid, as respondent claims, it would support the result herein. If valid, we would still be precluded from allowing the deduction under the Federal taxing statute.

The claim for $12,556.20 is different. No relinquishment of dower or marital rights is involved. The relationship is that of parent and child. The liability of a father to support, maintain and educate his child in accordance with his means is too well settled to require citation of authority. By his agreement with the trustee and Gertrude Phillips the decedent fixed the amount of his liability with respect to his children, adopted or natural, obligating himself and his estate to pay certain sums for their support.

After decedent's death the question arose whether the executors were bound to continue the payments to the child in accordance with decedent's agreement. It is stipulated that the executors requested a ruling by the New Hampshire courts on their liability under decedent's agreement. The divorced wife, the children, and the trustee were made parties to this action. The court ruled that decedent's agreement bound the executors to the same extent that the decedent was bound while living, and that such agreement "like any other debt contracted or obligation incurred in the lifetime of the testator will have precedence over any distribution made by will."

This ruling of the court establishes the validity and enforceability of the claim. The next question is whether the facts justify its deduction under the taxing statute. This claim, like other claims, founded upon an agreement, shall be limited to the extent that it

was contracted bona fide and for an adequate consideration in money or money's worth. No question of a lack of bona fides is raised. The sincerity of the decedent is unquestioned. The purpose as to each agreement was to fix and determine his liabilities so a divorce could be obtained, and a new marriage consummated. As to his child, he reduced his broad liability for support and maintenance to certain sums which he obligated himself to pay at stated intervals. Adequate consideration need not be confined to something coming in—compromising or limiting the amount of one's liability may be an adequate and full consideration for decedent's agreement.

We have examined the cases cited by respondent,[3] but they differ so in their facts that we can not say they support his contention. We have found no case involving the issues here presented, although similar agreements have been considered from an income tax standpoint by the courts and the Board. *Douglas* v. *Willcuts*, 296 U. S. 1; *Frank G. Hogan*, 35 B. T. A. 26; *Pearl A. Long*, 35 B. T. A. 479; *Henry Oliver Rea*, 35 B. T. A. 1132; *Commissioner* v. *Tuttle*, 89 Fed. (2d) 113, affirming 31 B. T. A. 782.

Agreements, oral and written, have supported deductible claims against the decedent's estate, *United States* v. *Mitchell*, 74 Fed. (2d) 571; *Commissioner* v. *Strauss*, 77 Fed. (2d) 401; *Smith* v. *United States*, 16 Fed. Supp. 397; *Benz* v. *Carney*, 15 Fed. Supp. 145; *Maude L. Porter et al., Executors*, 34 B. T. A. 798, but none of these cases involved claims arising out of marital or parental obligations.

In *Commissioner* v. *Estate of Kelly*, 84 Fed. (2d) 958, the court observed:

> The test of whether or not a claim is deductible is whether it is enforceable against decedent's estate. If it is an enforceable claim against her estate, it is then deductible, otherwise, it is not. The indebtedness must have been contracted in good faith and "for an adequate and fair consideration in money or money's worth." This does not mean that the "consideration in money or money's worth" must necessarily have passed to decedent in order to make such indebtedness deductible. [Citing cases.] There can be no doubt but that the indebtedness in question was contracted in good faith and was for a fair and adequate consideration, and is enforceable against decedent's estate.

In the instant case, it is clear that the claim is enforceable against the estate. The court has so held. We believe also it satisfies the further requirement of the statute that it be contracted bona fide and for an adequate and full consideration in money or money's worth. In the normal course, the obligation of a parent for the support and maintenance of a child during minority ceases with the death of the parent. Here the court interpreted the written agreements to perpetuate the contract right to such support after the par-

---

[3] *Latty* v. *Commissioner,* 62 Fed. (2d) 952; *Porter* v. *Commissioner,* 60 Fed. (2d) 673; *Glaser* v. *Commissioner,* 69 Fed. (2d) 254; certiorari denied, 292 U. S. 654.

ent's death. Here, also, the parent converted the obligation to support into a fixed amount. These considerations were real and in our opinion constituted adequate and full consideration in money or money's worth. See *Jeptha H. Wade, Jr.*, 21 B. T. A. 339.

The deduction of the claim for $12,556.20 should be allowed.

*Decision will be entered under Rule 50.*