Dale A. Swenson and M. Veone Swenson, Petitioners, *v*. Commissioner of Internal Revenue, Respondent

Docket No. 250–64.    Filed March 26, 1965.

Dale A. Swenson and M. Veone Swenson, pro se.
*Martin A. Schainbaum*, for the respondent.

#### OPINION

Kern, *Judge:* Respondent has determined a deficiency in the income tax liability of petitioners for the year 1961 in the sum of $191.96 by reason of his disallowance of a nonbusiness bad debt deduction in the amount of $738.70. The alleged bad debt consisted of uncollectible arrearages in child support payments which petitioner M. Veone Swenson was entitled to receive from her former husband under a divorce decree, together with collection expenses incident thereto.

The facts have been stipulated by the parties and the case has been submitted pursuant to Rule 30 of our Rules of Practice.

We find the facts to be as stipulated and incorporate herein by this reference the stipulation and the exhibits attached thereto and identified therein. They may be summarized as follows:

Petitioners filed their joint income tax return for 1961 with the district director of internal revenue at San Francisco, Calif. Petitioners are husband and wife, having been married on December 8, 1956. Petitioner M. Veone Swenson will be sometimes referred to hereafter as petitioner.

In 1955 petitioner obtained a divorce in Salt Lake City, Utah, from her then husband, K. L. Waldram. The divorce decree awarded the custody of two minor children to petitioner, and contained the following paragraph:

2. That the Plaintiff [the petitioner herein] be awarded $100.00 per month support money for the two minor children and $100 per year alimony and that she be awarded all household furnishings and that she be awarded all equity in the home now being purchased by the parties as stipulated and agreed upon per the Stipulation and Amended Stipulation received and filed herein.

K. L. Waldram paid to petitioner $100 per month for child support in accordance with this decree until a dispute arose as to who was entitled to claim dependency exemptions for the two children. Thereafter he began to reduce these payments and eventually, in 1960, he stopped making them altogether. In 1961 petitioner brought suit against Waldram in order to collect $2,485 of child support payments which were due and unpaid.

It is stipulated as follows:

9. On or about October 31, 1961, upon the advice of her attorney, Dean E. Conder, petitioner M. Veone Swenson, accepted $1,925.00 in full settlement of the amount of the pending suit. This settlement was based on the following facts:

a. K. L. Waldram had borrowed the amount offered in settlement;

b. K. L. Waldram's credit had been extended to the limit;

c. Even if the litigation were carried on to judgment it was unlikely that the judgment could be satisfied for more than the settlement offer; and

d. Costs of litigation and collection would further decrease the net proceeds.

10. The balance of $560.00 owed by K. L. Waldram to petitioner, M. Veone Swenson, became wholly uncollectible in 1961.

11. The attorney fees and other costs incurred by M. Veone Swenson in the above-mentioned suit amounted to $178.70.

12. For each of the years 1958, 1959, and 1960, petitioners expended at least $1,200.00 in support of M. Veone Swenson's two children by her marriage to K. L. Waldram. During each of these years petitioners had taxable income in excess of $10,000.00.

13. That petitioners earned from 1961 wages a total amount of $15,357.60, which amount was includable in their 1961 income tax return. And that petitioners expended not less than $2,536.33, in support of petitioner, M. Veone Swenson's two children by her marriage to K. L. Waldram during the 1961 taxable year.

In connection with the dispute between petitioner and K. L. Waldram as to who was entitled to claim the dependency exemptions for their children, the Internal Revenue Service ruled, after an examination of the facts, that the exemptions were properly allowable to the petitioners.

No question arises here as to whether the obligation of K. L. Waldram to make payments for child support to petitioner pursuant to the divorce decree became partially uncollectible and therefore partially worthless during the taxable year, or as to whether this obligation was acquired or created in connection with any trade or business of petitioners. We have a more fundamental question and that is whether this uncollectible obligation was a bad debt deductible under the income tax provisions of the Internal Revenue Code of 1954 and specifically whether it was an allowable deduction under section 166.

It is well established that the deduction of a bad debt from gross income under the income tax provisions of the internal revenue statutes is limited to debts created by advances out of capital or out of income previously taxed or exempted or, in other words, debts with regard to which the taxpayer has a basis. See 5 Mertens, Law of Federal Income Taxation, sec. 30.12, p. 30; sec. 166(b), I.R.C. 1954. Acting on this principle, we held in *Pearl A. Long*, 35 B.T.A. 479, affd. 96 F. 2d 270, certiorari denied 305 U.S. 616,[1] that uncollectible arrearages in

---

[1] See also *W. Thomas Menefee*, 8 T.C. 309; *Teleservice Co. of Wyoming Valley*, 27 T.C. 722, 731, fn. 2.

payments ordered by a divorce court for the maintenance of taxpayer's divorced wife and of their children did not constitute a bad debt deductible from the wife's gross income.

In apparent recognition of this principle, petitioners advance the argument that "The funds used to create the debt" consisted of the expenditures made by them out of their income in excess of the amounts of child support payments received by them from Waldram and that their basis under section 1011 of the Internal Revenue Code of 1954 is the cost to them of the debt which "in this instance is the total amount expended for child support by M. Veone Swenson, but not in excess of $1200.00 per year." In our opinion this argument is without merit. Waldram's obligation to make the payments here involved was imposed on him by law, arose from his status as a father, and was defined by the divorce court; it was in no way contingent on any payments for support of the children made by petitioner. Therefore it cannot be said that such payments by petitioner were made for the acquisition of any right of action against Waldram. We are unable to see how petitioners could have any cost or other basis with regard to the arrearages in such payments, or to see how any funds of theirs can be said to have created the debt here in question or to have constituted its cost.

Petitioners also argue that, regardless of the amounts expended by M. Veone Swenson for the support of the children, "there was adequate consideration in money or money's worth for the agreement as the result of permitting K. L. Waldram to reduce his broad liability for support and maintenance of his children to payments to M. Veone Swenson in the amount of $100.00 per month," citing *Estate of Eben B. Phillips*, 36 B.T.A. 752. In that case a taxpayer, as an inducement to persuade his wife not to contest a divorce action, promised on behalf of himself, his heirs, administrators, and executors to make certain payments to his wife for her support and for the support of their children. Upon the death of the taxpayer the question arose in the State court administering his estate of whether unpaid arrearages in such payments constituted a valid claim against his estate. That court held that they did. Accordingly, the executors deducted this claim in the estate tax return. We approved this deduction under section 805 of the Revenue Act of 1932 but specifically pointed out (p. 758) that cases arising under the income tax provisions of the revenue statutes, including the case of *Pearl A. Long, supra*, were not pertinent to the particular section of the estate tax statutes there involved. Conversely the case of *Estate of Eben B. Phillips, supra*, is not pertinent to the problem of this case which involves the income tax provisions of the Internal Revenue Code.

Petitioners have presented no argument in support of their right to a deduction on account of the attorney's fee and other costs paid by them

**900**

incident to the collection from Waldram of the child support payments provided by the divorce decree on any ground other than that it was part of the alleged bad debt loss deducted by them as a short-term capital loss on their 1961 return. It is obvious that these costs cannot be deducted as business expenses since they were admittedly incurred in connection with a nonbusiness bad debt. Neither can they be deducted as expenses incurred in the production of income since the payment of child support to petitioner would not constitute income taxable to her. See sec. 265(1), 1954 Code; *Estate of Daniel Buckley*, 37 T.C. 664, 674; cf. *Ruth K. Wild*, 42 T.C. 706. No other ground for the deduction here in question occurs to us.

*Decision will be entered for the respondent.*