Louise N. Montgomery v. Commissioner.
Montgomery v. Commissioner
Docket No. 4549-64.
United States Tax Court
T.C. Memo 1966-203; 1966 Tax Ct. Memo LEXIS 81; 25 T.C.M. (CCH) 1045; T.C.M. (RIA) 66203; September 20, 1966
J. L. Rothchild, for the petitioner. Thomas S. Loop, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in the petitioner's income tax for 1962 in *82 the amount of $210.45. The only issue is whether petitioner, in view of her former husband's failure to make support payments for the children, is entitled to a nonbusiness bad debt deduction in 1962 for a portion of the expenditures made by her for her children. All of the facts have been stipulated and they are so found. Petitioner Louise N. Montgomery is a resident of Houston, Texas. She filed her individual income tax return for 1962 with the district director of internal revenue, Austin, Texas. In a judgment of the 125th Judicial District Court of Harris County, Texas, dated April 6, 1955, the petitioner obtained a divorce from Wayne J. Montgomery and was awarded custody of the four minor children which were the issue of that marriage. The judgment of divorce ordered Wayne to pay child support in the amount of $160 per month until the youngest child reached the age of 18. The youngest child was born on February 27, 1950. Petitioner received support payments from Wayne during the years 1955 through 1962, as follows: Support payments
Year
received
Arrearages
1955
$ 800
$1,040
1956
1,125
795
1957
1,546
374
1958
1,570
350
1959
640
1,280
1960
1,670
250
1961
1,240
680
1962
520
1,400
*83 Petitioner filed court actions against Wayne on several occasions throughout this period in order to enforce the support payments and Wayne, on several occasions, was found guilty of contempt of court. Wayne was held in contempt and sentenced to jail on two occasions, where he remained from April 6, 1959 to May 5, 1959, and from June 4, 1962 to August 2, 1962. In 1962 petitioner made total expenditures for the four minor children in the amount of $5,283.16. In her individual income tax return for 1962 petitioner claimed a nonbusiness bad debt deduction in the amount of $1,440 (limited to $1,000 by section 166(d)(1)(B), Internal Revenue Code of 1954) with the following explanation: Necessities furnished by taxpayer to minor children on behalf of Wayne J. Montgomery, ex-husband, for which numerous attempts have been made to collect by contempt proceedings and amount is recoverable by ordinary suit for debt - (year 1962) - and for which said amount taxpayer is indebted to others; and if collected by suit is subject to ordinary income tax. Respondent determined that "the deduction of $1,000 claimed by you as a bad debt is not allowable for the reason that *84 failure to pay child support payments under court order does not constitute a bad debt within the meaning of the provisions of the Internal Revenue Code of 1954 and the order imposing the payments has no basis for determining loss." In Dale A. Swenson, 43 T.C. 897, one of the taxpayers who had obtained a divorce in 1955 from her husband under a decree granting her custody of her two minor children, together with $100 per month support for the minors, claimed a nonbusiness bad debt deduction in 1961 for uncollectible arrearages in child support payments. This Court held that an uncollectible obligation of this nature was not an allowable deduction under section 166 of the Internal Revenue Code of 1954. We stated, at page 898: It is well established that the deduction of a bad debt from gross income under the income tax provisions of the internal revenue statutes is limited to debts created by advances out of capital or out of income previously taxed or exempted or, in other words, debts with regard to which the taxpayer has a basis. See 5 Mertens, Law of Federal Income Taxation, sec. 30.12, p. 30; sec. 166(b), I.R.C. 1954. *85 Acting on this principle, we held in Pearl A. Long, 35 B.T.A. 479, affd. 96 F. 2d 270, certiorari denied 305 U.S. 616, n1 that uncollectible arrearages in payments ordered by a divorce court for the maintenance of taxpayer's divorced wife and of their children did not constitute a bad debt deductible from the wife's gross income. [Footnote omitted.] The taxpayers in the Swenson case, supra, sought to come within the above-stated principle with the argument that the expenditures made by them out of their income in excess of the amounts of child support payments received from the former husband were the funds used to create the debt and that they thus obtained the requisite basis in the debt. We rejected this argument as without merit and stated at page 899: Waldram's obligation to make the payments here involved was imposed on him by law, arose from his status as a father, and was defined by the divorce court; it was in no way contingent on any payments for support of the children made by petitioner. Therefore it cannot be said that such payments by petitioner were made for the acquisition of any right of action against Waldram. We are unable *86 to see how petitioners could have any cost or other basis with regard to the arrearages in such payments, or to see how any funds of theirs can be said to have created the debt here in question or to have constituted its cost. Petitioner attempts to distinguish the Swenson case, supra, with the contention that she is not claiming a bad debt deduction for uncollectible arrearanges "but for necessaries furnished by herself as a third person when the legal liability for furnishing same was, in fact and in law, Wayne J. Montgomery's liability." Petitioner's purported distinction is an illusory one, since it is based upon a contention which is nothing more than a paraphrase of the same argument put forth by the taxpayers and rejected by this Court in the Swenson case, supra. Since here, as in the Swenson case, the obligation of the husband in no way depended upon payments in the nature of child support made by the wife, it cannot be said such payments created a true debtorcreditor relationship within the meaning of the income tax law. We hold that petitioner is not entitled to a nonbusiness bad debt deduction in 1962 in connection with the expenditures made by her for her children. *87 Decision will be entered for the respondent.