Shirley S. **IMESON**, Appellant,

v.

**COMMISSIONER OF INTERNAL REV-ENUE**, Appellee.

No. 25523.

United States Court of Appeals, Ninth Circuit.

Oct. 30, 1973.

Rehearing Denied Dec. 14, 1973.

Shirley S. Imeson, in pro. per.

Gordon Gilman, Atty., Washington, D. C. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., Johnnie M. Walters, Scott P. Crampton, Asst. Attys. Gen., Meyer T. Rothwacks, William M. Brown, Jr., Carleton D. Powell, Lee A. Jackson, Elmer J. Kelsey, Robert D. Bickel, Tax Div., Dept. of Justice, Washington, D. C., K. Martin Worthy, Chief Counsel, IRS, Washington, D. C., for appellee.

Before KOELSCH, DUNIWAY and HUFSTEDLER, Circuit Judges.

OPINION

PER CURIAM:

The taxpayer, Mrs. Imeson, appeals from a decision of the Tax Court sustaining the Commissioner's disallowance of bad debt deductions for child support arrearages and of certain other deductions claimed on her 1964 and 1965 federal income tax returns.

Mrs. Imeson was divorced from her husband in 1954. She was awarded custody of their three minor children, and her husband was ordered to pay child support. The child support order was modified in 1956, reducing her husband's obligation to $180 per month. The husband made some support payments under the modified order, but he made none after April 1965. Mrs. Imeson contends that she is entitled to a bad debt deduction for accrued and unpaid child support payments that her divorced husband had been ordered to make.

The divorce decree confirmed a property settlement agreement by which Mrs. Imeson received the equity in fourteen parcels of real property. She collected the rents, rehabilitated, and maintained the property. In the course of her managing the property, she used two automobiles, a 1958 Chevrolet that she had purchased for $2,500 and a 1960 MG that she had purchased for $1,000. In 1965, she deducted as ordinary and necessary business expense one third of her operating, maintenance, and insurance expenses in connection with the two automobiles; she also deducted one third of the "replacement" cost of one of the cars. The Tax Court upheld the Commissioner's determination reducing the depreciation deduction to $166.50, based upon a seven-year useful life of the vehicles. The taxpayer contends that the Tax Court erred in confining her deduction of operating expenses to one third of the cost and in computing allowable depreciation.

The parties present three issues: (1) Are accrued and uncollectible court-ordered child support payments "debts" to the taxpayer within the meaning of section 166 of the Internal Revenue Code of 1954, 26 U.S.C. § 166? (2) Did Mrs. Imeson carry her burden of proving her basis for the debts and the worthlessness of her husband's obligations? (3) Did the Tax Court err in reducing her claimed automobile expense and depreciation deductions?[1]

(1) We do not decide the first question because we conclude that on this record we must answer the second question "No."

The first question is an arguable one. The Tax Court view, typified by the leading case, *Swenson* (1965) 43 T.C. 897, is that uncollectible child support payments are not a "debt" because the funds used to create the debt were not derived from the capital or income of the taxpayer. The Tax Court has treated these obligations as if they were uncollectible unpaid wages or salary. (*See*, e. g., 5 Mertens, Law of Federal Income Taxation (1969) ed.) § 30.12.) It is arguable, however, that Mrs. Imeson's position, in which she is legally obligated to support her children if her husband, who has been ordered to do so, defaults, is not analogous to that of the unpaid wage earner. It can be argued that her position is more like that of a taxpayer who pays materialmen's liens on his house after the builder has defaulted. See Martin, 1962, 38 T.C. 188. It can also be argued that her position is analogous to that of a guarantor who pays the creditor when the principal debtor defaults: Shiman v. Commissioner, 2 Cir., 1932, 60 F.2d 65; Putnam v. Commissioner, 1956, 352 U.S. 82, 77 S.Ct. 175, 1 L.Ed.2d 144; Cf. Iowa Southern Utilities v. United States, Ct.Cl.1965, 348 F.2d 492, 172 Ct.Cl. 21. On the other hand, it can be argued that her position is more like that of the taxpayer wife in *Rude*, 1967, 48 T.C. 165, who paid her and her husband's joint income tax liability and was denied her claim that one-half of it was a bad debt owed to her by her husband. See also Lewellyn v. Electric Reduction Co., 1927, 275 U.S. 243, 48 S.Ct. 63, 72 L.Ed. 262.

■ (2) We do not resolve these questions, however, because, as in Long v. Commissioner, 9 Cir., 1938, 96 F.2d

---

1. Mrs. Imeson's other contentions are not sufficiently meritorious to warrant discussion.

270, we must answer the second question against Mrs. Imeson. The path from a debt to a deduction is not easy. Mrs. Imeson has the further burdens of proving the amounts she expended to support her children (basis) and the total worthlessness of her husband's obligation to her in the tax years in question.

Mrs. Imeson's basis would not be the face amount of her ex-husband's obligation. (Long v. Commissioner, *supra*.) It would be the amount she expended from her capital or income to support her children, but, in no event more than the amount of her husband's obligation to her for child support. Mrs. Imeson offered no evidence of her expenditures to support her children. Instead, she attempted to construct her proof from the amounts her husband failed to pay. Moreover, she did not offer any evidence that her husband's support obligations became wholly worthless during the years in which she took deductions. (*See, e. g.,* 5 Mertens, supra, §§ 30.24, 30.27, 30.28.)

(3) We must also answer the third question against Mrs. Imeson. Her challenge to the Tax Court's determinations concerning deductibility of automobile expense and depreciation cannot be sustained. She may have been too modest in her allocation of her automobile expenses to her real estate business, but she did not offer proof to establish the facts. The Tax Court decided that depreciation of the automobiles was properly computed by the Commissioner using a seven-year life for each vehicle. The decision ascribes greater longevity to the vehicles than can be readily justified by common experience or by current tax regulations. However, we are confined to the record, and it does not contain enough evidence to support a conclusion by us that the Tax Court's determination of this issue was wrong.

Affirmed.