ERNESTO A. AND CHRISTINA DIEZ-ARGUELLES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Diez-Arguelles v. Commissioner
Docket Nos. 20720-81, 4997-82.
United States Tax Court
T.C. Memo 1984-356; 1984 Tax Ct. Memo LEXIS 316; 48 T.C.M. (CCH) 496; T.C.M. (RIA) 84356; July 12, 1984. Ernesto A. and Christina Diez-Arguelles, *317 pro se. Lauren W. Gore, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Separate notices of deficiencies were issued by the respondent to the petitioners in which respondent determined that there were deficiencies in the income taxes due from the petitioners for 1978 and 1979 in the amounts of $1,564.00 and $2,681.08, respectively. A separate petition was filed by the petitioners for each year but the cases were consolidated for trial, briefing and opinion. Thereafter by amended answer the respondent increased the deficiency determined for the year 1978 from $1,564.00 to $3,462.36. The issues for decision are: (1) whether petitioners are entitled under section 166[1] to deduct uncollectible child support as a bad debt, and (2) whether petitioners are entitled to deduct certain real estate taxes and interest on a home mortgage. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein *318 by reference. Petitioner resided in Wheaton, Illinois, at the time the petition was filed in this case. Bad Debt Deduction
In 1972, petitioner, Christina Diez-Arguelles ("Christina"), was divorced from her former husband, Kevin Baxter, and was granted custody of their two minor children. Pursuant to a property settlement agreement, which was incorporated into the divorce decree, Mr. Baxter agreed to pay Christina $300 per month for child support. Mr. Baxter failed to make full payment of his obligation for child support during the years 1972 through 1978 and by the end of 1978 he was in arrears by the amount of $4,325.00. During 1979 he paid only $600.00 in child support and consequently at the end of 1979 was in arrears by another $3,000.00. On their 1978 return the petitioners treated the $4,325.00 then due from Mr. Baxter as a nonbusiness bad debt and deducted the amount from their gross income as a short-term capital loss. On their 1979 return they deducted the $3,000.00 in the same manner. Respondent disallowed both deductions in their entirety. Because of Mr. Baxter's failure to meet his support obligations, the petitioners had to bear the entire support of *319 the two children from the date of the divorce in 1972 through 1979. The amount of such support borne by the petitioners through the end of 1978 exceeded the support payments made by Mr. Baxter during that period by at least $4,325.00. The amount of such support borne by them during 1978 exceeded the support payments made by Mr. Baxter in that year by more than $3,000.00. Over the years Christina has diligently attempted to collect the support payments from Mr. Baxter. She has returned to the divorce court on several occasions and has received judgments and supplemental orders against him but to the date of trial she had been unable to collect the amount deducted on the joint returns for 1978 and 1979. Real Estate Taxes and Mortgage Interest Deductions
In 1975, petitioner, Ernesto Diez-Arguelles ("Ernesto"), was divorced from Vivien Diez-Arugelles. Pursuant to the divorce decree and the property settlement agreement, which was incorporated therein, Vivien retained custody of their minor children and was to receive alimony and child support from Ernesto. Vivien also received the right to remain in the marital residence until their youngest child reached the age of *320 eighteen years, at which time the residence was to be sold and the proceeds divided between Ernesto and Vivien as specified in the agreement. The agreement further provided that Vivien was obligated to "make the mortgage payments on the merital premises." The monthly mortgage payments on the home which Vivien was obligated to pay included amounts for interest and real estate taxes, but the agreement also provided that Ernesto was to "have the right to claim for income tax purposes interest payments and taxes on the marital home." He also had the right to claim the children as dependents. During the years 1978 and 1979, Ernesto paid alimony to Vivien in the respective amounts of $8,500.00 and $8,550.00. Vivien made the monthly mortgage payments on the marital residence which included the following: 1978
1979
Real Estate Taxes
$1,232.44
$1,253.96
Interest
2,992.76
2,947.48
On their 1978 and 1979 income tax returns petitioners deducted the amounts paid by Vivien for real estate taxes and interest. Respondent disallowed the deductions in their entirety. OPINION Bad Debt Deduction
*321 Under section 166(d) a noncorporate taxpayer may deduct nonbusiness bad debts as a short-term capital loss in the year such debts become completely worthless. However, the nonbusiness bad debts are deductible only to the extent of the taxpayer's basis in the debts. Section 166(b); Long v. Commissioner,35 B.T.A. 479 (1937), affd. 96 F.2d 270 (9th Cir. 1938), cert. Denied 305 U.S. 616 (1938). In Long v. Commissioner,supra, the Board of Tax Appeals held that the uncollectible obligation of a taxpayer's ex-husband to pay her a fixed amount for maintenance was not deductible as a bad debt because the taxpayer was not "out of pocket" anything as the result of the ex-husband's failure to pay the support obligation. In other words, the taxpayer had no basis in the debt. Swenson v. Commissioner,43 T.C. 897 (1965). In the case before us, petitioners argue that they are "out of pocket" the amounts they expended for the support of Christina's children in excess of the support payments received from Mr. Baxter. We have considered and rejected this argument in similar cases. Swenson v. Commissioner,supra; *322 Imeson v. Commissioner,T.C. Memo. 1969-180, affd. 487 F.2d 319 (9th Cir. 1973), cert. denied 419 U.S. 917 (1974). In Imeson the Ninth Circuit affirmed our decision but stated by way of dictum that the taxpayer might have a basis in the debt up to the amount she had expended from her capital or income to support the children. 487 F.2d at 321. Because of this dictum we subsequently reexamined our position on this issue and concluded that the cases cited by the Ninth Circuit were distinguishable. Williford v. Commissioner,T.C. Memo. 1975-65. Consequently, our position on this issue is still the same as set forth in Swenson v. Commissioner,supra, and Imeson v. Commissioner,supra.Respondent's determination that the amounts due Christina by Mr. Baxter for child support are not deductible under section 166 as nonbusiness bad debts is sustained. Real Estate Taxes and Mortgage Interest Deductions
As a general rule a deduction is allowed for any interest *323 or local property taxes which are paid or accrued during the taxable year. Sections 163(a) and 164(a). However, the person claiming the deduction must show that the liability is not only his but that he paid the same. From the record in this case we are unable to determine whether or not Ernesto continued to be liable for the interest and the taxes after the divorce. Even if we assume that he was liable, we still have to determine that he paid the interest and taxes before the deduction can be allowed. Jolson v. Commissioner,3 T.C. 1184, 1186 (1944); Nicodemus v. Commissioner,26 B.T.A. 125 (1932), revd. on another issue, sub nom. Tracy v. Commissioner,70 F.2d 93 (6th Cir. 1934). See also Finney v. Commissioner,T.C. Memo. 1976-329. In Finney v. Commissioner,supra, the taxpayer and his wife were divorced but held a residence as joint tenants during the taxable year. Although the interest payments were actually made by the ex-wife, the parties stipulated that they were made with money provided for that purpose by the ex-husband. We relied upon the stipulation and found that the husband *324 was entitled to the deduction because the interest was paid with his funds. Again in Kohlsaat v. Commissioner,40 B.T.A. 528 (1939), it was concluded that the ex-husband was entitled to a deduction for interest payments made with respect to a former marital residence even though the payments were nominally made by the ex-wife. However, in that case the divorce decree provided that in addition to petitioner's obligation to make monthly alimony payments to his ex-wife, he was also to pay her a specific sum to be used by her to make the mortgage payments. Under these circumstances it was concluded that no part of the specific mortgage payment "represented alimony or any 'allowance' to the wife. She could not use the funds for any other purpose than to pay the carrying charges on the mortgaged property and to reduce the principal mortgage debt. In so doing she acted as agent or trustee for the petitioner * * *." Supra at 534. By contrast in this case the decree simply provided that Ernesto was to pay his ex-wife child support and alimony and she was to be solely responsible for the payment of the monthly installments on the mortgage. No obligation was *325 placed upon her to use any part of the payments received from Ernesto for this purpose. Furthermore, unlike Finney v. Commissioner,supra, there is nothing in this record to indicate that the funds used to make the interest and tax payments belonged to Ernesto. Ernesto contends, however, that he should be entitled to the deductions because he consented to the decree in reliance upon the advice of his attorney and the property settlement incorporated into the divorce decree actually contained a provision to the effect that he could take the deductions. Deductions from income, however, are a matter of legislative grace and, as may be gleaned from the cases discussed above, neither the divorce court nor the parties to a divorce action can by agreement allow a deduction to a taxpayer who is not so entitled by the statute. See also Kazupski v. Commissioner,T.C. Memo. 1982-182. Decisions will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, during the years in issue unless otherwise indicated.↩