LAVINA FRANCES PIERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pierson v. Commissioner
Docket No. 16273-80.
United States Tax Court
T.C. Memo 1984-452; 1984 Tax Ct. Memo LEXIS 211; 48 T.C.M. (CCH) 954; T.C.M. (RIA) 84452; August 28, 1984. *211 Petitioner's ex-husband failed to make court-ordered support payments for their minor child for 1977. The debt that arose was worthless at the end of 1977. Petitioner's 1977 expentitures for support of their minor child exceeded this debt. Held: Petitioner is not entitled to a bad debt deduction because she has no basis in the debt. Swenson v. Commissioner,43 T.C. 897 (1965), followed. Lavina Frances Pierson, pro se. Linda A. Jackson, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined a deficiency in Federal individual income tax against petitioner for 1977 in the amount of $459. [1] The issue for decision is whether petitioner is entitled to a bad debt deduction under section 166 [2] on account of unpaid child support payments. FINDINGS OF FACT Some of the facts have been stipulated; the *212 stipulations and the stipulated exhibits are incorporated herein by this reference. When the petition was filed in the instant case, petitioner resided in Delavan, Wisconsin. Petitioner married Edward Pierson (hereinafter sometimes referred to as "Pierson") on April 12, 1947. They were legally separated on March 21, 1969, and divorced on February 25, 1974. The divorce decree granted custody of their minor children to petitioner, and ordered Pierson to "pay the sum of $33.50 each week toward the support of the minor children of [petitioner and Pierson].Such payment shall be made to the Clerk of Courts for Walworth County". These payments were to continue until June 6, 1979, when the youngest child, William, became 18. During 1974 through 1980, Pierson paid to the Clerk of Courts for Walworth County, for the support of his and petitioner's minor children, the amounts set forth in table 1. Table 1
Year
Amount
1974
$1,564.53
1975
526.00
1976
1977
1978
434.00
1979
801.50
1980
2,112.00
TOTAL
$5,438.03
Petitioner's right to receive, during 1977, court-ordered child support payments from Pierson, in the amount of $1,742, was worthless at the close of 1977. During 1977, petitioner spent, from her own funds, *213 more than $1,742 for the support of her and Pierson's minor child, William. On her 1977 Federal income tax return, petitioner deducted $1,716 as an itemized deduction on account of this arrearage in 1977 support payments. OPINION Respondent contends that petitioner is not entitled to a bad debt deduction on account of the worthlessness of Pierson's child-support arrearage, because (1) there was not a true debtor-creditor relationship between petitioner and Pierson and (2) petitioner did not establish a basis in any debt. Alternatively, respondent contends that, if petitioner is entitled to a bad debt deduction, the it is deductible only as a nonbusiness bad debt. Petitioner maintains that she has proven all the elements necessary to show the existence, amount, basis, and worthlessness of a debt for 1977. We agree with respondent that petitioner did not establish a basis in the debt that became worthless in 1977. In order to deduct a bad debt (sec. 166(a) [3] *214 ), the texpayer must show that a number of requirements have been satisfied. The requirement we examine in the instant case is that petitioner show that the debt is one in which she has a basis (sec. 166(b) [4]). Pierson's obligation to make the payments, involved in the instant case, was imposed by a court under a divorce decree. Similarly, petitioner's right to receive such payments from Pierson arose as a result of the divorce decree; it did not arise as a result of a loan by petitioner to Pierson or any expentitures made by petitioner. Pierson was obligated to make payments of $33.50 each week whether petitioner spent little, or much, or nothing on child support. Likewise, petitioner's expenditures were independent of Pierson's court-ordered payments and did *215 not either create or affect the amount of the debt claimed, in the instant case, by petitioner to be owed to her from Pierson--i.e., the court-ordered child support. When faced with this situation in , we held that in such a situation the taxpayer did not have a basis in the debt and so no deduction was allowable under section 166. We have not been presented with any consideration which would lead us to distinguish or overrule Swenson.
We conclude that petitioner is not entitled to a bad debt deduction. Petitioner brings to our attention statements in the opinion in , affg. a Memorandum Opinion of this Court. [5] In Imeson, the Court of Appeals' opinion notes our position in Swenson; it then suggests possible analogies to the position of "a taxpayer who pays materialmen's liens on his house after the builder has defaulted" or "a guarantor who pay the creditor when the principal debtor defaults" (), in which events a bad debt deduction may be allowable. That opinion also suggests analogies to the treatment of "uncollectible unpaid wages or salary" or the situation where a "taxpayer *216 wife * * * who [pays] her and her husband's joint income tax liability" (ibid.), in which events a bad debt deduction is not allowable. After suggesting the existence of a problem, the Imeson opinion specifically states that "[w]e do not resolve these questions" (ibid.). We conclude that the materialmen's lien and guarantor analogies only serve to illustrate the shortcomings in petitioner's case. In the materialmen's lien and guarantor situations, the taxpayer's role as creditor would have arisen only when and to the extent that the taxpayer paid the original debt. In the instant case, any debt that Pierson owed to petitioner arose, and was determined as to amount, without regard to petitioner's expenditures. We hold for respondent. [6]
Decision will be entered for respondent.
Footnotes
1. In her petition, petitioner disputes determination of an addition to tax in the amount of $49.93. No addition to tax, additional amount, or penalty has been determined or asserted in the instant case. ↩
2. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the year in issue.↩
3. SEC. 166. BAD DEBTS (a) General Rule.-- (1) Wholly worthless debts.--There shall be allowed as a deduction any debt which becomes worthless within the taxable year. (2) Partially worthless debts.--When satisfied that a debt is recoverable only in part, the Secretary may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction. ↩
4. SEC. 166. BAD DEBTS * * * (b) Amount of Deduction.--For purposes of subsection (a), the basis for determining the amount of the deduction for any bad debt shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property.↩
5. .↩
6. Under the circumstances, we need not rule on respondent's alternative contention that any otherwise allowable bad debt deduction would be limited by the nonbusiness bad debt provisions of section 166(d).↩