F. C. NICODEMUS, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 52326, 62569. Promulgated May 19, 1932.

*F. C. Nicodemus, Jr., Esq.*, pro se.
*Owen W. Swecker, Esq.*, for the respondent.

ARUNDELL: The respondent disallowed as deductions one-half of the interest on a mortgage on real estate paid by petitioner in 1928 and 1929 and one-half of the taxes paid on the same property in 1929, which disallowances resulted in deficiencies of $92.45 for 1928 and $408.31 for 1929.

In 1928 petitioner and his wife acquired title, as tenants by the entireties, to real estate in the State of New York. The property is occupied by them as a residence. In the taxable years the property was encumbered by a first mortgage of $25,000. Both petitioner and his wife signed the mortgage notes and they were jointly and severally liable thereon.

Petitioner, out of his own separate income, paid interest on the mortgage in 1928 and 1929 in the respective amounts of $1,720 and $1,570. In 1929 he paid taxes on the property, out of his own separate income, in the amount of $2,897.56.

Petitioner and his wife filed separate returns for each of the taxable years and in petitioner's returns he claimed as deductions the aforesaid interest and taxes paid by him. The respondent disallowed one-half of each of the deductions from petitioner's income and allowed it to petitioner's wife, Dorothy T. Nicodemus.

Upon these facts petitioner contends that he is entitled to deduct the full amounts of interest and real estate taxes paid. He says that he has fully met the two conditions prescribed by the Federal taxing statute as the basis for allowance, namely, liability to pay and actual payment.

Concededly, tenancies by the entirety are recognized under laws of the State of New York. The incidents of that species of ownership in various jurisdictions have frequently been described in our reports and need not be repeated here. See *Susie M. Root, Executrix*, 5 B. T. A. 696; *James C. Murphy et al.*, 5 B. T. A. 952. The courts of New York recognize the same fundamental attributes inherent in entireties which distinguish that form of ownership. In *Smith* v. *Russell*, 172 App. Div. 792; 159 N. Y. S. 169, the court says:

The interest of the said tenants by the entirety was not a divisible interest, nor subject of division. Each owned the whole and every part; and Joseph Huson [the husband], against whom the assessment was made, owned the whole and every part.

In the above case Huson and his wife held title to certain real estate as tenants by the entirety. Real estate taxes were assessed in the name of the husband only and, not being paid, the premises were sold and a tax deed was issued. The validity of the tax deed was attacked principally upon the ground of the assessment having been

made in the name of only one of the tenants. An argument in that proceeding similar to the substance of the respondent's position here, that each of the tenants owned an undivided one-half of the property, was overruled by the court with this statement:

\* \* \* each tenant is the owner of the whole or entire premises, each owning said premises per tout et per my, each owning the whole and every part. Both of these tenants resided upon the property at the time of the assessment. It therefore became impossible to separate and state the quantity and value of the interest of each of said tenants separately. The assessment to Joseph Huson covered the entire property, and he was the owner of the entire premises uunder his tenancy by the entirety.

\* \* \* \* \* \* \*

\* \* \* No reason is stated why the assessors should wish to reach the interest of Joseph Huson in said premises. It was undoubtedly their intention to assess the whole thereof, and in so doing Joseph Huson was named as the owner, as in fact he was.

The above case involved primarily section 9 of the New York tax law. (Consol. Laws, c–60) which provided that an assessment for taxes is deemed against the property itself, and the property is liable to sale for any tax levied on it. Section 71 of the tax law (McKinney's Consol. Laws, Book 59) provides further:

If the owner of a parcel or portion of real property is a resident of the tax district in which such parcel or portion of real property is assessed, and his name is correctly entered on the assessment-roll, he shall be personally liable for the tax assessed against such parcel or portion of real property.

It seems to us that the statute and decision quoted establish beyond question that for real estate tax purposes each tenant is regarded as the owner of the entire premises and that the owner assessed is personally liable. We have no evidence here of the manner in which the assessment was made, but we presume that it was regular and named both of the tenants. This would make the liability of the husband none the less, as under *Smith* v. *Russell*, *supra*, he would still be regarded as the owner of the whole premises.

It is our opinion that in paying the real estate taxes petitioner paid a tax for which he was liable and for the full amount of which he may take a deduction in computing his net income. Section 23 (c), Revenue Act of 1928.

The parties stipulate that petitioner and his wife " were jointly and severally liable " for the interest sought to be deducted. In paying the interest petitioner was discharging an obligation for which he, individually, could be held liable. It follows that he is entitled to deduct the full amount.

We believe it is unnecessary to go into the questions of division of " fruits and profits " between tenants or the right of contribution, suggested by the respondent, as in this case there is no evidence of any profits and there probably were none, in view of the use of

the property as a residence, and likewise there is no evidence of petitioner having sought or obtained contribution.

Our holding here is not contrary to *William A. Colston*, 21 B. T. A. 396, as in that case we found that the property on which the husband paid taxes and mortgage interest was in fact owned by the wife.

In *William R. Tracy et al.*, 25 B. T. A. 1055, claim was made by petitioners that the deduction for taxes on property owned by the entireties and other property owned in common should be divided between them, one-half to each. In that case it was not found as a fact that any of the property was owned either by the entireties, or in common, but it was found as a fact that certain parcels were owned jointly. As there was no evidence that the wife paid any part of the taxes, we affirmed the respondent's action in allowing the full deduction to the husband.

*Decision will be entered under Rule 50.*