*Decision will be entered under Rule 50.*

AL JOLSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2374.    Promulgated August 3, 1944.

*David Fogelson, Esq.,* for the petitioner.
*W. F. Evans, Esq.,* for the respondent.

### OPINION.

Smith, *Judge*: The sole question presented for the adjudication of this Court is whether the petitioner is entitled to deduct the $7,062.61 income tax paid by him to the State of California upon the income reported by his wife for 1939.

Section 29 of the Personal Income Tax Act of California (Act 8494, amended by Stats. 1939, ch. 915, § 20.5, effective July 22, 1939), provides that:

Sec. 29. Liability for Taxes. The spouse who controls the disposition of or who receives or spends community income as well as the spouse who is taxable on such income shall be liable for the payment of the taxes imposed by this act on such income. Where a joint return is filed by a husband and wife, the liability for the tax on the aggregate income shall be joint and several.

Section 172 of the Civil Code of California provides:

The husband has the management and control of the community personal property, with like absolute power of disposition, other than testamentary, as he has his separate estate; * * *

Section 172 (a) of the Civil Code of California provides:

The husband has the management and control of the community real property but the wife, either personally or by duly authorized agent, must join with him in executing any instrument by which such community real property or any interest therein is leased for a longer period than one year, or is sold, conveyed, or encumbered; * * *

We think there can be no question but that the petitioner had the management and control of the community income of the petitioner and his then wife for 1939. The respondent contends that under section 29 of the Personal Income Tax Act of California, quoted above, his liability was only a secondary liability and that the primary liability for the tax was that of the wife. We think, however, it is clear that the petitioner had an equal liability with that of his wife for the payment of the tax.

It is well settled that the husband who pays taxes for which he is jointly and severally liable may deduct the whole thereof in his Federal income tax return. See *F. C. Nicodemus, Jr.*, 26 B. T. A. 125.

In *Charles F. Fawsett*, 30 B. T. A. 908, the taxpayer paid income tax to the State of Wisconsin under a statute which required that the income of the wife be added to that of her husband and assessed against him for tax purposes. We held that the tax which he paid upon his wife's income was a legal deduction from his gross income.

In G. C. M. 17570, C. B. 1937-1, p. 193, the question presented was whether a resident of Delaware was entitled to deduct in his separate Federal income tax return the full amount of the Delaware state income tax which he had paid upon the combined income of himself and his wife reported in a joint return. It was held that he was, the solicitor saying:

It thus appears under Delaware law that a husband and wife living together may at their election file a joint return of income as a single unit under which each spouse becomes liable for the entire tax due. In the present case the taxpayer (husband) was liable for the tax imposed and he paid the entire tax. The taxpayer (husband) is therefore entitled to deduct the full amount of the Delaware State income tax which he paid * * *.

See also Mertens, Law of Federal Income Taxation, vol. 5, § 27.02, wherein it is said, at page 9:

Where there is a joint and several liability for a tax, the tax is deductible by the person who pays it. This principle has been applied in the case of joint state income tax returns of husband and wife where the statute imposed a joint and several liability to pay the tax.

The respondent argues that the petitioner paid the income tax here in question to the State of California pursuant to a property settlement between himself and his wife on October 26, 1939. We think, however, that it is immaterial that it was paid pursuant to such agreement. Where a person agrees by contract to pay taxes which he is

legally obligated to pay in any event, the existence of such contract can not defeat his right to a deduction for taxes actually paid by him. Thus, in *Magruder* v. *Supplee*, 316 U. S. 394, it was said:

The view of the court below that the parties' contractual arrangement for apportionment of the tax burden was controlling is untenable. Parties cannot change the incidence of local taxes by their agreement. * * *

It is our opinion that the petitioner is entitled to deduct from his gross income of 1940 the $7,062.61 here in question.

*Decision will be entered under Rule 50.*