MARK B. HIGGINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 23197.    Promulgated January 19, 1951.

*Samuel K. McCune, Esq.*, for the petitioner.
*George C. Lea, Esq.*, for the respondent.

OPINION.

DISNEY, *Judge:* Is the petitioner entitled to deduct all or only one-half of the real estate taxes and mortgage interest paid, as to Hiland Hall, owned by the entireties by himself and wife? We dispose at once of the taxes. They were not paid by the petitioner but were simply paid by the real estate company manager, the agent of both petitioner and his wife—out of rentals collected and the balance after expenses were paid was remitted to their joint order and was deposited in their joint bank account. It is crystal clear, therefore, that such bank account was therefore depleted as to each of them in equal amounts by the payment of such taxes on their property held by the entireties and that in that manner each paid one-half of the taxes. We can see no possible ground for holding that the petitioner paid all of the taxes. The respondent did not err in this regard.

The interest, however, was actually paid by the petitioner, with a check drawn upon the joint bank account of himself and wife. The gist of the petitioner's argument for his view that the entire amount of the interest is deductible by him is that he actually paid it; that G. C. M. 15530 rules that where property is held by husband and wife by entireties either may deduct taxes paid by him or her in connection with such property; that cases uphold that idea; that payment was made by the petitioner with his own separate funds by reason of the understanding and action of the parties, which understanding was indicated from the manner in which he and his wife made their separate returns, and that even disregarding the understanding and action of the parties the fact that the payment was made from joint funds is immaterial. This understanding petitioner says is under the law of Pennsylvania, the situs of the matter, controlling as to the ownership of the funds used to pay interest (as well as taxes) and is not affected by the fact that there was a joint bank account or that the parties permitted the real estate company to carry the account in their joint names. It is argued that in the case of personal property the agreement of the parties ends the joint ownership of the property and that thereafter each holds his or her share separately, and that, therefore, the requirement that payment must be made by petitioner from his separate funds has been satisfied.

We find no such agreement or understanding as contended for by the petitioner. The mere fact of the filing of separate Federal income tax returns for 1946 wholly fails, in our view, to establish any understanding or agreement sufficient to terminate the tenancy by the entireties or the joint ownership of the bank account, therefore fails to demonstrate that petitioner paid the interest from his separate funds. Neither petitioner nor his wife testified as to any understanding between them. Obviously the mere filing of returns in which he claimed

the entire deduction for taxes and interest and she did not, proves no division of property as to either the real estate or the bank account. If such filing tends to indicate anything, it would at most suggest division of income, for tax purposes, which of course is without effect, *Harrison* v. *Schaffner*, 312 U. S. 579. However as to Hiland Hall for 1946 each reported one-half of the income. Moreover petitioner may have so claimed the deductions without consulting his wife and merely informed her of his action. The interest and taxes were paid before any understanding indicated by the returns, for the returns were filed in April 1947 and the interest and taxes were paid in 1946. It is not necessary to discuss Pennsylvania law as to agreements dividing property held by entireties, for no such agreement is shown to us here. This leaves a situation where interest on a mortgage on property owned by both petitioner and his wife is paid from an account owned by both of them, into which the rents from such real estate had been deposited in an amount far greater than necessary to pay the interest. The record does not indicate whether moneys other than from the real estate went into the joint bank account. For three and one-half years prior to the taxable year, and from the time the property became owned by entireties, petitioner had reported only one-half the income, and claimed only one-half of the deduction for interest and taxes, all consistent with the estate by entireties and with his gift tax return for 1942 reporting a gift to his wife of "a one-half undivided equity interest" in the real estate. Yet for 1946, still reporting only one-half of the income, petitioner drew a check on joint funds of himself and wife to pay the interest, therefore claims the deduction for all. The wife's funds paid one-half. The interest was paid for the benefit of both. It was not paid from separate funds. Not only did petitioner's gift tax return recognize that the wife was given an equitable undivided one-half interest but Pennsylvania law so recognizes, though the estate is held by entireties, *O'Malley* v. *O'Malley*, 272 Pa. 528, and action such as payments by one spouse is presumably by authority and on behalf of the other. *Gasner* v. *Pierce et al.*, 286 Pa. 529. For purposes of the present deductions, where the paying check was on a joint bank account, wherein the rentals from the property were deposited, no different rule is justified by the Revenue Act. Moreover, we find in the law of tenancy by entireties no principle dictating, under the circumstances here, the treatment of tax deductions under the Internal Revenue Code. *Corliss* v. *Bowers*, 281 U. S. 376.

So far as reliance is placed on G. C. M. 15530 by the petitioner, we find it no authority for the deduction in the absence of payment from separate funds, and the cases cited indicate nothing more. The petitioner agrees that one of them, *F. C. Nicodemus, Jr.*, 26 B. T. A. 125, was a case where payment was made by a spouse from separate funds,

and that the other citations do not indicate the source of funds. Review of the cases cited shows:

In *William R. Tracy et al.*, 25 B. T. A. 1055, taxes were paid by and deduction allowed to the husband alone, on property held by the entireties. But there is no suggestion that they had a joint account or that payment was made therefrom so the instant question did not arise.

The fact that in *F. C. Nicodemus, Jr., supra*, conclusion that a husband could deduct taxes and mortgage interest paid by him on property owned by the entireties, was carefully placed on the ground that he paid from his separate funds, plus the fact that as one owner by the entireties he had a duty and right to pay, indicates that the petitioner's contention here is unsound, for it is based only on the duty and right to pay under tenancy by entireties. Had the petitioner's view here been that of the Board there, no attention by the Court would have been necessary to payment from separate fund, and the fact would have been immaterial.

*Charles F. Fawsett*, 30 B. T. A. 908, involved no question involved here. In *George A. Neracher*, 32 B. T. A. 236, no contention appears that the husband paid with joint funds, and deduction of interest paid by him was based only on the fact that he paid interest upon a note signed by him upon which he was jointly and severally liable. The case is of course not material here. In *Al Jolson*, 3 T. C. 1184, the husband paid his wife's California income taxes apparently from his separate funds, since they were paid by him after an agreement of separation between him and his wife. Moreover, the only point decided was that he was, under California law of community property, liable for the income taxes of his wife, therefore had a right to deduct them. On both points the case is distinguishable from the instant matter.

We find no error on the part of the respondent in denying one-half of the deduction claimed.

*Decision will be entered for the respondent.*