MIGUEL A. CASTANEDA-BENITEZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Castaneda-Benitez v. Commissioner
Docket No. 10470-76.
United States Tax Court
T.C. Memo 1981-157; 1981 Tax Ct. Memo LEXIS 586; 41 T.C.M. (CCH) 1213; T.C.M. (RIA) 81157; April 2, 1981. David M. Kirsch, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 6 of this Court, 69 T.C. XV (1976). [1] The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a $ 386.36 deficiency in petitioner's 1974 Federal income tax. The questions presented are whether petitioner is entitled to deductions in excess of the amounts allowed by respondent (a) under section 215[2] for alimony paid, (b) under section 163 for interest paid, (c) under section *588 213 for medical expenses, and (d) under section 170 for charitable contributions. FINDINGS OF FACT All the facts have been stipulated. The stipulation of facts, the supplemental stipulation of facts, and the exhibits attached to each are incorporated herein by this reference. At the time he filed his petition, petitioner resided at San Juan, Puerto Rico. Petitioner was previously married to Caridad Hernandez Figueroa. One child, a daughter, was born of that marriage. Petitioner and Caridad were divorced in 1973. By the divorce decree, petitioner was ordered to pay $ 200 a month "alimony for the benefit of his minor daughter" and to continue mortgage payments on the marital home owned jointly by petitioner and Caridad after their divorce and occupied by Caridad and their daughter. In 1974, petitioner paid $ 2,400 alimony for support of his daughter and $ 1,812 on the mortgage, as ordered. Of petitioner's total mortgage payments, $ 738.30 represented principal and $ 1,073.70 represented interest. Petitioner expended no more than $ 135.72 for medicines *589 and drugs and no more than $ 1,665.94 for medical insurance and medical and dental care in 1974. He did not make charitable contributions in excess of $ 156. On his Federal income tax return for 1974, petitioner claimed an itemized deduction of $ 2,400 for alimony paid. Respondent disallowed that deduction, but allowed $ 906 as a deduction in lieu thereof, being half of the amount of the mortgage payments. This substitute deduction was allowed on the basis that the property with respect to which the mortgage payments were made was owned jointly by petitioner and Caridad following their divorce and, thus, half of the amount of each payment of the mortgage inured to Caridad's benefit. OPINION Under section 71 payments made by a divorced spouse which are fixed in terms of an amount of money for the support or minor children are not to be included in the income of the other spouse. Sec. 71(b). Accordingly, under section 215 those payments do not qualify for a deduction by the payor spouse. Sec. 215(a). In its broad sense the word "alimony" means not only an award for the support of *590 one's spouse but, also, an award for the support of a child or children. Brown v. Brown, 222 Mass. 415, 111 N.E. 42, 43 (1916); Schafer v. Schafer, 118 Misc. Rep. 254, 193 N.Y.S. 43, 45 (Sup. Ct. 1922). Thus, payment of an amount fixed in terms of money as alimony for the support of a child is precisely the type of payment for which no deduction is allowable. See Henry v. Commissioner, 76 T.C.     (Mar. 24, 1981); Harris v. Commissioner, 51 T.C. 980 (1969). We sustain respondent's determination on this issue. On his 1974 return, petitioner deducted $ 1,077.30 for interest paid on the home mortgage. In his notice of deficiency, respondent disallowed $ 536.85, being half of the interest portion of the mortgage payments made pursuant to the divorce decree. Respondent having determined that petitioner is entitled to a deduction under section 215 for half of the mortgage payments made pursuant to the divorce decree on the marital home because the home was owned one half by petitioner's former wife, he argues that he was correct in disallowing an interest deduction with respect to that same half. His position is attractive *591 by reason of consistency, but erroneous. A deduction in respect of the payment of interest on a joint obligation is allowable to whichever of the parties liable thereon makes the payment out of his own funds. Jolson v. Commissioner, 3 T.C. 1184, 1186 (1944); Nicodemus v. Commissioner, 26 B.T.A. 125 (1932); Tracyv. Commissioner, 25 B.T.A. 1055, 1061 (1932), revd. on another issue 70 F.2d 93 (6th Cir. 1934); see Higgins v. Commissioner, 16 T.C. 140, 143-144 (1951). [3] Inasmuch as it is clear here that petitioner made the home mortgage payments and respondent does not challenge the fact that he was an obligor on the mortgage, petitioner is clearly entitled to deduct the full amount of the stipulated mortgage interest paid, viz., $ 1,073.70. [4]
Petitioner claimed on his *592 1974 return to have expended $ 820 for medicines and drugs and $ 1,648.98 for insurance premiums and medical and dental care qualifying for a medical expense deduction. He also claimed a deduction in the amount of $ 390 on his 1974 return for charitable contributions. Respondent disallowed $ 684.28 of the amount claimed by petitioner on his return as having been expended for medicines and drugs and allowed $ 16.96 more than petitioner claimed on his return for qualifying insurance and medical and dental care, making a net disallowance adjustment of $ 667.32. Respondent also disallowed $ 234 of the amount claimed by petitioner in his return as a deduction for charitable contributions. Petitioner having failed to show that he expended more for deductible medical expenses or that he made qualifying charitable contributions in amounts in excess of those allowed by respondent, respondent's determinations as to them are sustained. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. Pursuant to General Order No. 6, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. See, also, Del Vecchio v. Commissioner, T.C. Memo. 1973-245↩. 4. We do not disturb respondent's allowance in the notice of deficiency of $ 906 as an alimony deduction. That is not raised as an issue herein.↩