CHARLOTTE A. and JOHN E. BROAD and C & E, INC., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Broad v. Commissioner
Docket No. 5900-87
United States Tax Court
T.C. Memo 1990-317; 1990 Tax Ct. Memo LEXIS 335; 59 T.C.M. (CCH) 997; T.C.M. (RIA) 90317; June 25, 1990, Filed *335 Decision will be entered under Rule 155. John E. Broad, pro se. Anthony S. Gasaway, for the *336 respondent. JACOBS, Judge. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION By separate notices of deficiency, respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Charlotte A. Broad and John E. Broad (the Broads)
Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
1981
$    324.02
$  16.20
*
1982
$  3,356.38
$ 167.82
*
1983
$ 10,848.00
$542.42
*
C & E, Inc. (C & E)
Taxable
Additions to Tax
Year Ended
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
March 31, 1982
$ 16,613.00
$ 831.00
$ 932.00
*
March 31, 1983
$  1,551.00
--
$  78.00
*
March 31, 1984
$  1,481.00
--
$  74.00
*
*337 Petitioners have conceded numerous adjustments made by respondent. The issues remaining for decision are: (1) whether the Broads received constructive dividends from C & E, their closely held corporation, by virtue of payments made by C & E to the Broads' two sons and daughter-in-law; (2) whether loan payments made by C & E to Republic Financial Corporation and Boulder Bank of Oklahoma were made for the benefit of the Broads, and therefore taxable to them as constructive dividends and not deductible by C & E; (3) whether C & E is liable for the addition to tax under section 6651(a)(1) for its taxable year ended March 31, 1982; and (4) whether the Broads and C & E are liable for the additions to tax under sections 6653(a)(1) and 6653(a)(2) for all years at issue. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts *338 and supplemental stipulations, together with the accompanying exhibits, are incorporated herein by this reference. Charlotte A. and John E. Broad, husband and wife, resided in Tulsa, Oklahoma, when they filed their petition. C & E, an Oklahoma corporation, had its principal place of business in Tulsa at the time it filed its petition. For taxable year ended March 31, 1982, C & E filed its U.S. corporation income tax return on July 12, 1982. The return was due on June 15, 1982. Since C & E's incorporation on August 1, 1971, the Broads have owned 98 percent of its stock. During the years at issue, Charlotte A. Broad was C & E's president and John E. Broad was its vice president. On November 26, 1981, C & E paid the Broads' two adult sons, DeWayne Broad and James Gawf, $ 500 each and deducted such amounts as a miscellaneous expense. During 1982, C & E made and deducted the following payments to the Broads' two sons: Date of
Characterization of
Payee
Payment
Amount
Deduction
DeWayne Broad
5/13/82
$ 3,745
Compensation
James Gawf
6/26/82
$   100
Repairs and Maintenance
James Gawf
10/5/82
$   450
Repairs and Maintenance
DeWayne Broad
10/27/82
$   500
Miscellaneous
James Gawf
10/27/82
$   500
Miscellaneous
*339 During 1983, C & E paid $ 1,250 to James Gawf's wife, Jaylene, and $ 400 to DeWayne Broad, and it deducted such amounts as consulting fees. DeWayne Broad, James Gawf and Jaylene Gawf were neither employees nor independent contractors of C & E. DeWayne Broad was a full-time employee of Browning-Ferris Industries, and James Gawf was a full-time employee of Barney Hale Plumbing. C & E did not issue Form W-2s or Form 1099s to the Broads' sons and daughter-in-law. No documentary evidence was introduced which showed that the recipients reported the amounts they received as income. And there is no evidence as to the nature of services the Broads' sons or daughter-in-law provided to C & E, when such services were provided, the hours worked, or the rate of compensation. C & E made the following principal and interest payments on a loan from Republic Financial Corporation (Republic Financial): Date of
Payment
Principal
Interest
November 18, 1981
$6,000.00
$   952.43
December 29, 1981
408.00
1,085.94
February 17, 1982
5,000.00
1,340.00
February 17, 1983
5,000.00
2,146.65
August 18, 1983
2,000.00
1,372.09
C & E deducted all interest paid on the *340 loan from Republic Financial. It also deducted the principal amounts for 1981 as "miscellaneous expense" and the principal amount for 1982 as "officers compensation." C & E made the following principal and interest payments on a loan from Boulder Bank and Trust Company of Tulsa, Oklahoma, (Boulder Bank): Date of
Payment
Principal
Interest
February 3, 1983
$ 2,000.00
$ 1,266.16
May 2, 1983
8,000.00
1,024.54
August 1, 1983
5,000.00
721.67
C & E deducted all interest paid on the loan from Boulder Bank. Petitioners offered no evidence of any loan agreements, promissory notes or security agreements to prove that the loans from Republic Financial and Boulder Bank were loans made to C & E. Nor do the corporate income tax returns disclose any liabilities to Republic Financial or Boulder Bank. In his notice of deficiency to the Broads, respondent increased their gross income by the amounts paid by C & E to the Broads' sons and daughter-in-law and the amounts of the bank loan payments, based on his determination that the corporation made such payments to the Broads or for their benefit. C & E had sufficient earnings and profits, both current and accumulated, *341 from which dividends could have been distributed to sustain respondent's determination. OPINION 1. Constructive Dividends - Payments by C & E, Inc. to the Broads' Sons and Daughter-in-Law
The first issue is whether the payments made by C & E to the Broads' two sons and daughter-in-law constituted constructive dividends taxable to the Broads. The Broads contend that their sons and daughter-in-law provided services to C & E for which they were compensated. Respondent asserts otherwise; he contends such payments constitute constructive dividends to the Broads. Corporate expenditures for the personal benefit of a shareholder may result in a constructive dividend to such shareholder. Ireland v. United States, 621 F.2d 731 (5th Cir. 1980); Enoch v. Commissioner, 57 T.C. 781 (1972). The determination of the existence of constructive dividends is a question of fact. Busch v. Commissioner, 728 F.2d 945 (7th Cir. 1984), affg. a Memorandum Opinion of this Court; Pierce v. Commissioner, 61 T.C. 424, 430 (1974). *342 The fact that dividends are not formally declared does not preclude the existence of constructive dividends. Truesdell v. Commissioner, 89 T.C. 1280, 1295 (1987). The crucial concept is that the corporation has conferred an economic benefit on its shareholders without the expectation of repayment. United States v. Smith, 418 F.2d 589, 593 (5th Cir. 1969); Truesdell v. Commissioner, supra at 1295, citing Noble v. Commissioner, 368 F.2d 439, 443 (9th Cir. 1966). Respondent's determination is presumptively correct, and petitioners have the burden of proving that respondent erred. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). It is well settled that the distribution of corporate funds to the children of controlling shareholders are deemed to be constructive dividends to the controlling shareholders absent a showing that the payments were made for bona fide business purposes and were not due to family considerations. See Engineering Sales, Inc. v. United States, 510 F.2d 565, 569-570 (5th Cir. 1975); *343 58th St. Plaza Theatre, Inc. v. Commissioner, 195 F.2d 724, 725 (2d Cir. 1952), affg. 16 T.C. 469 (1951); and Hagaman v. Commissioner, T.C. Memo. 1987-549. In their attempt to satisfy the bona fide business purpose requirement, petitioners argue that the payments were compensation for services rendered. We disagree; the record does not support their position. C & E failed to issue Form W-2s or Form 1099s with respect to such payments. Although John E. Broad, vice president of C & E, testified that services were rendered, his testimony was vague and unpersuasive. Dougherty v. Commissioner, 60 T.C. 917, 932-933 (1973). Moreover, the Broads did not call their sons and daughter-in-law as witnesses. The failure of a party to introduce evidence within the party's possession, which, if true, would be favorable to that party, gives rise to the presumption that if presented it would be unfavorable. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947). *344 Therefore, based on the record as a whole, we conclude that the payments were not made for bona fide business purposes but rather were made in an effort to confer an economic benefit in satisfaction of the Broads' parental objectives. We accordingly sustain respondent's determination that the amounts paid are includable in the gross income of the Broads as constructive dividends. 2. Constructive Dividends - Loan Payments by C & E to Banks
For taxable years ended March 31, 1983 and 1984, C & E deducted loan payments to Republic Financial and Boulder Bank in the respective amounts of $ 25,305 and $ 18,012. Respondent disallowed these deductions asserting that the loans were the personal obligations of the Broads and that the proceeds of the loans were used to advance their personal interests rather than the business interests of the corporation. Consequently, respondent argues that the payments are taxable as constructive dividends to the Broads and are not deductible by C & E. We agree with respondent. Petitioners introduced no persuasive evidence to support the existence of corporate loans. They submitted no documentary evidence proving that the loans were made *345 to C & E or that the loan proceeds were used for corporate purposes. Rather, the evidence convinces us that the loans were the personal obligations of the Broads and were used for their aggrandizement. Section 61 defines gross income as all income from whatever source derived. This includes dividends. Section 61(a)(7). Section 316 generally provides that the term "dividends" means any distribution of property made by a corporation out of its earnings and profits to its shareholders. Where a corporation pays the personal expenses of an officer-shareholder, the corporation is disallowed the business expense deduction and the officer-shareholder is deemed to have received a taxable constructive dividend. Workman v. Commissioner, T.C. Memo. 1973-241. Amounts do not escape taxation simply because they do not pass through the hands of the shareholder. Hufnagle v. Commissioner, T.C. Memo. 1986-119. By the same token, when a corporation satisfies the obligations of its controlling shareholders or makes a payment for their benefit, the shareholders have been *346 held to have received constructive dividends. Hufnagle v. Commissioner, supra; Paoli v. Commissioner, T.C. Memo. 1985-196. Accordingly, C & E payment of the bank loans constitutes constructive dividends to the Broads. Yelencsics v. Commissioner, 74 T.C. 1513, 1529 (1980); Smith v. Commissioner, 70 T.C. 651, 668 (1978). (Although the amount of the bank payments are includable in the Broads' gross income, the Broads are entitled to a deduction for the interest paid on such loans. See Jergens v. Commissioner, 17 T.C. 806 (1951); Mann v. Commissioner, 33 B.T.A. 281, 289 (1935); Berlin v. Commissioner, T.C. Memo. 1961-194.) Moreover, C & E may not deduct the principal and interest it paid on the loans. 3. Section 6651(a)(1) Addition to Tax
On July 12, 1982, C & E filed an untimely U.S. corporation income tax return for the taxable year ended March 31, 1982. Respondent determined an addition to tax of $ 831 pursuant to section 6651(a)(1), which provides for *347 an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. No evidence was submitted to show that C & E's failure to file a timely return for the taxable year ended March 31, 1982, was due to reasonable cause and not to willful neglect. It has failed to meet its burden of proof. BJR Corp. v. Commissioner, 67 T.C. 111, 130 (1976); Rule 142(a). Accordingly, respondent's determination of the section 6651(a)(1) addition to tax is sustained. See Abramo v. Commissioner, 78 T.C. 154, 163 (1982). 4. Sections 6653(a)(1) and 6653(a)(2) Additions to Tax
Section 6653(a)(1) provides for an addition to tax in an amount equal to 5 percent of the underpayment if any part thereof is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) provides for a further addition to tax equal to 50 percent of the interest payable under section 6601 with respect to that portion of the underpayment attributable to negligence or intentional disregard of *348 rules or regulations. For purposes of section 6653(a), negligence is defined as the lack of due care or failure to do what an ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934 (1985). Petitioners bear the burden of proving that their underpayment of tax was not due to negligence. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Here, petitioners have failed to meet their burden of proof. Furthermore, based on concessions made by petitioners and our determinations herein, both the Broads and C & E, which claimed improper deductions, are liable for the additions to tax under sections 6653(a)(1) and (2). To reflect the foregoing and concessions by the parties, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations.↩
*. 50 percent of the interest due on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations.↩