THOMAS L. DAWKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dawkins v. Commissioner
Docket No. 7639-90
United States Tax Court
T.C. Memo 1991-225; 1991 Tax Ct. Memo LEXIS 247; 61 T.C.M. (CCH) 2667; T.C.M. (RIA) 91225; May 22, 1991, Filed *247 Decision will be entered under Rule 155. Thomas L. Dawkins, pro se. Mary Schewatz, for the respondent. DAWSON, Judge. NAMEROFF, Special Trial Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) [1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: Respondent determined a deficiency in petitioner's 1987 Federal income tax in the amount of $ 11,156. Respondent also determined additions to tax under section 6653(a)(1)(A) in the amount of $ 557.80 and section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the entire underpayment. The issues for decision are: (1) Whether petitioner is entitled *248 to dependency exemptions for three children [2]; (2) whether petitioner is entitled to the filing status of head of household; (3) whether petitioner is entitled to a child care credit of $ 480; (4) whether petitioner can substantiate various Schedule A and Schedule C deductions; and (5) whether petitioner is liable for the additions to tax for negligence. As a result of respondent's disallowance of the expenses claimed on Schedule C, there was a net profit, and respondent determined that petitioner was liable for self-employment tax thereon. The resolution of this matter is mathematical based upon our decision with respect to the disallowed items. For convenience and clarity we are combining our findings of fact and opinion in this case. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the *249 filing of the petition in this case, petitioner resided in Long Beach, California. In 1987, petitioner was employed as a counselor by Compton Community College. He has a master's degree in psychology. Petitioner also worked evenings in the probation department of the County of Los Angeles. In 1987, petitioner earned $ 47,765. Petitioner's wife Cynthia, according to petitioner, worked for the last three months of 1987 as a teacher in the Los Angeles school district or school system. In addition, for part of 1987, she was a claims examiner for an insurance company. In 1987, petitioner and Cynthia were in the process of obtaining a divorce. However, no legal separation had been obtained, and petitioner and Cynthia and their three children, Kali, Jonathan, and Keisha, all resided in the same household. Apparently, petitioner and Cynthia maintained separate quarters under the same roof. Petitioner did not move out until a subsequent year. The financial arrangement between petitioner and Cynthia was that petitioner was to continue to pay the home mortgage and other bills. In addition, he was to maintain medical insurance coverage for his children. Dependency Exemptions, Filing *250 Status, and Child Care Credit
For a child to qualify as a dependent of a taxpayer, the taxpayer generally must furnish over one-half of the support of the child. Sec. 152(a). Section 152(e)(1) provides that if a child receives over half his support from his parents during the calendar year, who live apart at all times during the last 6 months of the calendar year, and such child is in the custody of one or more of his parents for more than one-half of the calendar year, then the parent having custody for a greater portion of the calendar year shall be treated as providing over one-half of the child's support. In order to qualify as head of household, an individual must not be married at the close of the taxable year, and "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of a child. Sec. 2(b)(1). However, an individual who is married can still qualify as head of household if he files separately, maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a dependent child, furnishes over one-half of the cost of maintaining such household *251 during the taxable year, and, during the last 6 months of the taxable year, such individual's spouse was not a member of such household. Secs. 2(c) and 7703(b). A taxpayer may claim a child care credit only if a "qualifying individual" resides in the household of the taxpayer. Sec. 21(a)(1). The term "qualifying individual" means a dependent of the taxpayer who is under the age of 15 [now 13]. Sec. 21(b)(1)(A). If a taxpayer is married at the close of the taxable year, no child care credit is allowable unless the taxpayer and his spouse file a joint return. Sec. 21(e)(2). However, section 21(e)(4) allows a married individual living apart to qualify for a child care credit, under requirements similar to section 7703(b). With regard to all three issues, a crucial question is whether petitioner and Cynthia were living apart. If they were not, petitioner cannot claim head of household status or child care credits and section 152(e) would be inapplicable. The concepts of "separated" or "living apart" have been considered by this and other courts. Generally, these words connote living in separate residences. Lyddan v. United States, 721 F.2d 873, 876 (2d Cir. 1983); *252 Washington v. Commissioner, 77 T.C. 601, 605 (1981). See also Coltman v. Commissioner, T.C. Memo 1991-127. In Sydnes v. Commissioner, 577 F.2d 60 (8th Cir. 1978), affg. in part and revg. and remanding in part 68 T.C. 170 (1977), the Eighth Circuit disagreed. However, we have previously noted our disagreement with the Eighth Circuit [3] and continue to adhere to the views expressed in Washington v. Commissioner, supra.Congress intended that a husband and wife should not be treated as "separated and living apart" when both are living under the same roof. Washington v. Commissioner, supra at 605. *253 According to the facts in this case, it is clear that petitioner is not entitled to file his return as head of household because he was still married at the end of 1987 and he and Cynthia were members of the same household. Petitioner's proper filing status is married filing separate. Similarly, petitioner is not entitled to any child care credits. He was married at the end of 1987, he did not file a joint return with Cynthia, and they were living in the same household. Upon review of the record herein, we hold that petitioner is entitled to dependency exemptions for his three children. Because the entire family was living under the same roof, the custody provisions of section 152(e) are inapplicable. The record indicates that petitioner did, in fact, provide more than half of his children's support. Accordingly, we sustain petitioner on this issue. Deductions and Expenses
We now turn to the various Schedules A and C items disallowed for lack of substantiation. Deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving he is entitled to any deductions claimed on his return. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 78 L. Ed. 1348, 54 S. Ct. 788 (1934); *254 Welch v. Helvering, 290 U.S. 111, 115, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). If a claimed deduction is not adequately substantiated, we may estimate expenses when we are convinced from the record that the taxpayer has incurred such expenses. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, there must be some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Nevertheless, certain expenditures may not be estimated. Section 274(d) disallows certain deductions claimed under section 162 unless the taxpayer can substantiate the claim by accurate records or corroborate his own testimony as to (1) the amount of the expense, (2) the time and place of travel or entertainment, (3) the business purpose, and (4) the business relationship to the taxpayer of each person entertained. See section 1.274-5(b), Income Tax Regs. Among these deductions that require very specific substantiation are traveling expenses (section 274(d)(1)) and entertainment expenses (section 274(d)(2)). Most of the items questioned here have not been substantiated by documentation. In part, petitioner stated that, upon *255 being conceptually separated from Cynthia, he avoided using the family bank account. He paid for a substantial number of items by cash or cashier's check. While he did have some records, they are stored at the family homestead, and, due to present hostility between petitioner and Cynthia, he was unable to obtain them prior to trial. At the time of the trial, he was still in the process of trying to obtain some documentation from third parties. Accordingly, the Court kept the record open for 30 days in order for petitioner to obtain additional documentation in support of his claimed deductions. No additional evidence has been received in that regard. Petitioner claimed an interest deduction of $ 14,334. The evidence shows that interest of $ 12,803.51 was paid in 1987 in connection with the home mortgage, while finance charges of $ 537.15 and $ 598.11 were paid to Bank of America and Visa, respectively. Petitioner testified that he made the payments. Even though the home may have been in joint tenancy, and the mortgage a joint obligation of both petitioner and Cynthia, a deduction for interest on a joint obligation is allowable to whichever of the parties liable thereon makes *256 payment out of his own funds. Jolson v. Commissioner, 3 T.C. 1184, 1186 (1944); see Higgins v. Commissioner, 16 T.C. 140, 143-144 (1951)[4]. Accordingly, we allow petitioner the interest deductions as substantiated. Petitioner claimed charitable contributions of $ 2,778. Petitioner claims that he attended church regularly and tithed approximately $ 25 each Sunday. In addition, petitioner, in 1987, took two large plastic bags filled with clothes and shoes to the Goodwill Industries. No persuasive evidence of the nature, age, or value of the clothing was submitted. We allow petitioner a charitable contribution deduction of $ 500. Petitioner claimed a deduction for publications of $ 152. This allegedly consists of a book on psychology for $ 23, a magazine subscription to Psychology Today for $ 50, and subscriptions *257 to Reader's Digest and the Los Angeles Times newspaper. The latter are personal items. We allow petitioner a deduction of $ 73. Petitioner claimed a deduction for safety equipment of $ 125, which pertained to shoes with metal toes used for his probation department job. In addition, he claimed a laundry expense of $ 454 with regard to his clothes which he wore at work. Petitioner wore no special uniforms. All of these items are suitable for everyday street wear. The deductions claimed are not allowable. Sec. 262. Petitioner claimed a tax preparation fee of $ 115. He was able to substantiate payments to H. & R. Block in 1987 of $ 143. We allow the higher amount as substantiated tax preparation payments. Sec. 212(3). Petitioner claimed union dues of $ 336, but was unable to describe how he arrived at that amount. He was a member of a union as part of his work at the probation department and believes that $ 20 was regularly deducted from his biweekly paychecks. On that basis, petitioner should have incurred $ 480 in union dues. In this regard, petitioner's testimony is not convincing, and we find nothing in the record to support an estimate for this deduction. Respondent's *258 disallowance is sustained. Petitioner claimed $ 1,900 as a deduction for a library. Allegedly, this consists of some depreciation factor for the cost of a library incurred by petitioner over the years. Petitioner was unable to substantiate any costs or the amounts of previously claimed and allowed depreciation allowances. Respondent's disallowance is sustained. Petitioner filed a Schedule C on which he reported income and expenses pertaining to his activities as a distributor for Amway. Two items, supplies for $ 1,300, and travel and entertainment for $ 727 (consisting of travel for $ 500 and meals for $ 227) were disallowed by respondent for lack of substantiation. In addition, on Schedule A, petitioner claimed the cost of a copier for $ 2,500 as a miscellaneous expense, which respondent disallowed. However, petitioner explained that this copier was purchased in connection with his Amway activity. Therefore, we consider those three items together for purposes of the Schedule C determination. Petitioner has failed to substantiate the cost of the copier. Moreover, he has failed to substantiate that the copier was, in fact, used primarily with regard to the Amway activity. *259 In addition, petitioner has offered no adequate substantiation for the travel and entertainment items pursuant to the requirements of section 274(d). Undated restaurant receipts and records with no indication of persons present for business discussions will not suffice. As to the supplies, upon review of the record, we find that petitioner has substantiated $ 250. Any amounts in excess thereof as disallowed by respondent are sustained. Additions to Tax for Negligence
Section 6653(a)(1)(A) imposes an addition to tax equal to 5 percent of the deficiency if any part of any deficiency is due to negligence or intentional disregard of the rules and regulations. Section 6653(a)(1)(B) imposes a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the deficiency attributable to negligence or intentional disregard of rules or regulations. "Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstance." Neely v. Commissioner, 85 T.C. 934, 947 (1985), quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967). Respondent's *260 determination of negligence is presumed to be correct and petitioner has the burden of proving that this determination is erroneous. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Rule 142(a). Petitioner was not separated or divorced, yet claimed head of household status and child care credits. He offered no evidence as to why he was not negligent. Accordingly, respondent's determinations of negligence are sustained. To reflect the above, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent disallowed a claimed exemption for petitioner's mother, but conceded that disallowance at trial.↩
3. Washington v. Commissioner, 77 T.C. 601, 605 (1981); LaBow v. Commissioner, T.C. Memo 1987-191; LaBow v. Commissioner, T.C. Memo 1983-417, affd. in part and revd. and remanded in part 763 F.2d 125 (2d Cir. 1985); Hertsch v. Commissioner, T.C. Memo 1982-109↩.
4. See also Del Vecchio v. Commissioner, T.C. Memo 1973-245; Castaneda-Benitez v. Commissioner, T.C. Memo 1981-157↩.