T.C. Summary Opinion 2017-24

UNITED STATES TAX COURT

GREGORY ALAN BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7972-15S.                    Filed April 25, 2017.

Gregory Alan Brown, pro se.

<u>Bartholomew Cirenza</u>, for respondent.

SUMMARY OPINION

COLVIN, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Other section references are to the Internal Revenue Code in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 2012 of $1,491. In an amendment to answer respondent asserted an increased deficiency in petitioner's Federal income tax for the taxable year 2012, contending that petitioner used an incorrect filing status and failed to report dividend income. The issues for decision are:

1. Whether as respondent contends, petitioner received but failed to report dividend income of $5,103 from a corporation he controlled in the amount during the taxable year 2012. We hold that he did.

2. Whether as petitioner contends, petitioner is entitled to deduct home mortgage interest in excess of the amount that respondent conceded. We hold that he is.

3. Whether petitioner's correct filing status for the 2012 tax year was head of household as reported on his return. We hold that petitioner's filing status was, as respondent contends, married filing separately.

_____

[1](...continued)
Procedure. Dollar amounts are rounded to the nearest dollar.

## Background

Some of the facts have been stipulated and are so found. Petitioner resided in Maryland when the petition was timely filed.

### A. Home Mortgage Interest

In 2009 petitioner copurchased a house with Maria Payne. Petitioner and Ms. Payne continued to coown that house during 2012. Petitioner and Ms. Payne purchased the house with the expectation that petitioner would eventually become the sole owner. However, until petitioner became the sole owner, petitioner and Ms. Payne were each liable for the mortgage payments on the house.

During 2012 the house was secured by a mortgage held by GMAC Mortgage, LLC (GMAC). GMAC identified Ms. Payne as the primary account holder on the mortgage and petitioner as the secondary account holder. The monthly mortgage payment was $3,396. During 2012 petitioner and Ms. Payne collectively paid $22,530 of mortgage interest with respect to the house. GMAC reported the interest received to respondent on Form 1098, Mortgage Interest Statement. Because Ms. Payne was the primary account holder, the Form 1098 filed with respondent identifies her, not petitioner, as the sole payer of the home mortgage interest.

Ms. Payne moved out of the house in 2011. However, she remained a coowner of the house until April 2013. Petitioner married Sherrie Brown in December 2011, and they remained married throughout 2012. Mrs. Brown lived in a separate residence for most of 2012 so her children could finish the year without changing schools. Mrs. Brown moved into petitioner and Ms. Payne's coowned house late in 2012. Petitioner became the sole owner of that house in April 2013.

B.    Greycom, Inc.

Petitioner is the sole owner of Greycom, Inc., a Maryland C corporation. Greycom is an electrical contracting company. Petitioner was also employed by Greycom, which paid him wages of approximately $35,200 during 2012. Petitioner's personal expenses during 2012 exceeded this amount. Greycom was profitable, and petitioner occasionally used funds from Greycom's business accounts to pay his personal expenses.

During 2012 petitioner made six mortgage payments totaling $20,376 on the house he coowned from his personal bank account. Petitioner also made two payments to GMAC totaling $5,103 on the house from Greycom's bank account.

Petitioner filed his Federal income tax return for 2012 as a head of household. Petitioner deducted on his return the entire $22,530 of mortgage

interest paid with respect to the house he coowned with Ms. Payne during 2012. Respondent examined petitioner's return and issued a notice of deficiency disallowing petitioner's mortgage interest deduction in its entirety.

Respondent concedes that petitioner is entitled to a deduction of $11,265 for mortgage interest relating to payments made from his personal bank account. After trial the Court allowed respondent to amend the answer in this case to assert that petitioner had received unreported dividend income from Greycom during 2012 and that petitioner's correct filing status for 2012 was married filing separately.

Discussion

A.     Burden of Proof

In the notice of deficiency respondent determined that petitioner was not entitled to the home mortgage interest deduction he had claimed for the taxable year 2012. The taxpayer generally bears the burden of proving that the Commissioner's deficiency determination is in error. Rule 142(a)(1). The burden of proving a factual issue relating to tax liability shifts to the Commissioner under certain circumstances. Sec. 7491(a). Petitioner has not shown and does not contend that section 7491 applies. Thus, petitioner bears the burden of proving that respondent's determinations in the notice of deficiency are in error. See Rule

142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Respondent bears the burden of proof with respect to the items raised in his amended answer. <u>See</u> Rule 142(a)(1); <u>Foster v. Commissioner</u>, T.C. Memo. 2012-207.

B.     <u>Dividend Income</u>

At trial petitioner testified that he had made mortgage payments on the house he coowned during 2012 from Greycom's business accounts. The parties stipulated that these payments totaled $5,103. Respondent contends that this amount constitutes a taxable dividend to petitioner.

A dividend is a distribution of property made by a corporation to its shareholders from its earnings and profits. Sec. 316(a). A shareholder may receive a dividend even though the corporation has not formally declared a distribution. <u>Truesdell v. Commissioner</u>, 89 T.C. 1280, 1295 (1987). If a corporation makes a noncompensatory payment on behalf of a shareholder without a business purpose or expectation of repayment, then this amount constitutes a constructive dividend to the shareholder. <u>Benjamin v. Commissioner</u>, 66 T.C. 1084, 1115 (1976), <u>aff'd</u>, 592 F.2d 1259 (5th Cir. 1979).

Greycom's payments of petitioner's personal mortgage expenses are distributions to him. <u>See</u> <u>id.</u> Petitioner's testimony indicated that his personal expenses during 2012 far exceeded the $35,200 salary he received from Greycom.

Petitioner also indicated that Greycom was profitable during the taxable years 2010 and 2011. We hold that respondent has proven by a preponderance of the evidence that Greycom had sufficient earnings and profits that these distributions were dividends to petitioner. See sec. 301(c)(1).

C.      Home Mortgage Interest

Section 163(h)(2)(D) generally allows a deduction for "any qualified residence interest" paid during the taxable year. In the case of a mortgage loan for which the taxpayer is jointly liable with another person, a deduction for mortgage interest is allowable to the persons or person who pays the interest out of his or her own funds in proportion to the payment. See Higgins v. Commissioner, 16 T.C. 140, 142-144 (1951); Jolson v. Commissioner, 3 T.C. 1184, 1186-1187 (1944).

The parties stipulated that during the taxable year 2012 petitioner made six mortgage payments totaling $20,376 on the house from his personal bank account. We find that petitioner also constructively made payments totaling $5,103 from Greycom's bank account, which were constructive dividends to him. See Peters, Gamm, West & Vincent, Inc. v. Commissioner, T.C. Memo. 1996-186, 71 T.C.M. (CCH) 2789, 2795; see also Broad v. Commissioner, T.C. Memo. 1990-317, 59 T.C.M. (CCH) 997, 1000 (holding that a shareholder was allowed a deduction after receiving a constructive dividend from the C corporation's payment of his

personal obligations); <u>Berlin v. Commissioner</u>, T.C. Memo. 1961-194, 20 T.C.M. (CCH) 969, 975 (holding that a shareholder was allowed to deduct the accrued interest following the C corporation's payment of his loans). Petitioner did not present any credible evidence showing that he made mortgage payments in excess of the amounts described above. See <u>Whitehead v. Commissioner</u>, T.C. Memo. 2001-317, 82 T.C.M. (CCH) 976, 992-993 (declining to rely on taxpayer's testimony to determine portion of mortgage interest paid).

The monthly mortgage payment on the house was $3,396 for an annual total of $40,752. The interest portion of the mortgage payments totaled $22,530. We find that petitioner is entitled to deduct $14,086 (i.e., $20,376 + $5,103 ÷ $40,752 = 0.62522; 0.62522 × $22,530 = $14,086) for mortgage interest paid during 2012.

D. <u>Filing Status</u>

Petitioner filed his 2012 Federal income tax return as a head of household. In the amendment to answer respondent asserted that petitioner's correct filing status was married filing separately.

Generally, to qualify as a head of household, a taxpayer, among other requirements, may not be married at the close of the taxable year. Sec. 2(b). Petitioner agrees that he was married throughout 2012. However, an individual is not considered married for the purpose of determining head of household filing

status if he or she is legally separated from his or her spouse under a decree of divorce, if his or her spouse is a nonresident alien, or if (inter alia) he or she lives apart from his or her spouse for the last six months of the taxable year. Secs. 2(b)(3), (c), 7703(b). As relevant here, petitioner testified that Mrs. Brown lived with him for at least part of the second half of 2012. Thus, petitioner's correct filing status is married filing separately, not head of household.

To reflect the foregoing,

Decision will be entered under Rule 155.